## PROOF AS TO THE CORRECTNESS OF AN ACCOUNT.

Circuit Court of Cuyahoga County.

GEORGE S. BECKWITH v. THE CLEVELAND TELEPHONE COMPANY.

Decided, December 11, 1911.

*Account—Acknowledgment of Correctness.*

While it may not ordinarily be true that an account, the items of which
are disputed in an action therein, can be said to have been acknowl-
edged by mere implication, yet an express and unequivocal ac-
knowledgment is by no means always necessary to afford sufficient
foundation for an inference that an acknowledgment is intended.

*Joseph L. Stern,* for plaintiff in error.
*Kline, Tolles & Morley,* contra.

HENRY, J.; WINCH, J., and MARVIN, J., concur.

The parties to this proceeding in error stand in the relation
opposite to that in which they stood below.   There, the action
was for telephone rentals and for long distance toll charges
covering a period of many months.   It is conceded here that the
rental claimed was properly allowed in the verdict and judgment
below; but it is contended that the proof of the correctness of
the account for long distance tolls is insufficient to sustain the
burden of proof raised by the denial interposed by the defendant
below.

One contention at first relied upon, is admittedly not presented
on this record, namely, that the record discloses no evidence of
a schedule of long distance rates as of the times of the accruing
of the various items of plaintiff's cause of action, such as to
satisfy the provision of the contract which is the foundation of
the account sued on.   This leaves simply a question of the weight
of the evidence.

We have examined the bill of exceptions, and while it does not
anywhere appear that the defendant below ever acknowledged,
in terms, the correctness of the long distance toll account, still
he made no objection to the items thereof when the same was

submitted to him, and from time to time thereafter he put off the collectors with the plain intimation that he would pay if given time. It may not ordinarily be true that an account, the items of which are disputed in an action thereon, can be said to have been acknowledged by mere implication, yet an express and unequivocal acknowledgment is by no means always necessary to afford sufficient foundation for an inference that an acknowledgment is intended.

We hold that the circumstances of these acts, as disclosed by the evidence, are such as to warrant the jury in finding, as they did find, that the account sued on was correct, and the judgment is affirmed.