GABRIELE, D.B.A. GABRIELE INSURANCE AGENCY, APPELLEE, *v.* REAGAN, APPELLANT.

(No. CA88-05-046—Decided December 5, 1988.)

*Kaufman & Florence* and *William H. Kaufman,* for appellee.

*Rogers & Grenberg* and *Barry W. Mancz,* for appellant.

*Per Curiam.* This cause came on to be heard upon an appeal from the Warren County Court of Common Pleas.

Defendant-appellant, Thomas L. Reagan, appeals a decision of the Warren County Court of Common Pleas granting the claim of plaintiff-appellee, William J. Gabriele, d.b.a. Gabriele Insurance Agency, on an account, and dismissing appellant's counterclaim. Appellee, an independent insurance agent, procured several insurance policies on behalf of appellant which were billed on an "agency billed" system. In an "agency billed" system, the insurance company bills the agent and the agent bills the client for the premiums. It was undisputed that the parties herein had done business under this system with regard to the policies in question for several years. Appellee's complaint was based upon an account for charges which he had paid on behalf of appellant and for which appellant had never paid him.

Appellant filed a counterclaim in which he asserted that appellee owed him for attorney fees which he incurred in successfully maintaining a lawsuit against an insurance company for which appellee acted as agent. At the beginning of trial, appellant amended his counterclaim to add an additional claim in which he stated that appellee was negligent in failing to file insurance claims on his behalf.

The trial court granted judgment to appellee on the account in the amount prayed for, and concluded that appellee owed no obligation to appellant for attorney fees and that appellant was not entitled to judgment based on his second counterclaim because he failed to prove that he suffered damages as a proximate result of appellee's failure to make said claim. In its conclusions of law at paragraph three, the trial court stated that any potential breach of duty by appellee was moot because there was no evidence that the claim would otherwise have been covered or of the amount recoverable. Appellant's counterclaim was dismissed and appellant appealed the judgment against him as well as the dismissal of his counterclaim.

On appeal, appellant argues that

the trial court improperly overruled his motion for involuntary dismissal made at the conclusion of appellee's case. Appellant also asserts that both the judgment of the trial court on the complaint and the dismissal of appellant's counterclaim were against the manifest weight of the evidence. As appellant raised all of these issues under a single assignment of error, we will treat each assertion as a separate assignment of error and address them in the order in which they appear.

Civ. R. 41(B)(2) governs an involuntary dismissal in a nonjury action and states that there are grounds for dismissal when a party has shown that no right to relief exists.

Appellant claims that appellee failed to present any evidence establishing his authority to remit premiums on appellant's behalf and to maintain an action against him for those premiums. Thus, appellant contends appellee has shown no right to relief. However, the Ohio Supreme Court, in a case cited by appellee in his brief, establishes appellee's authority to remit premiums on appellant's behalf and to maintain an action against him for the premiums. *Metropolitan Life Ins. Co.* v. *George H. Olmsted Co.* (1927), 28 Ohio App. 139, 162 N.E. 641, affirmed (1928), 118 Ohio St. 421, 161 N.E. 276. An insurance agent who represents several insurance companies as principal and who acts as a *del credere* agent and makes contracts on his own behalf, placing policies with various companies and collecting and remitting premiums, may maintain an action in his own name to recover premiums claimed to be due under a policy. *Metropolitan Life Ins. Co., supra.*

Appellant argued at trial that he did not know that appellee maintained the policies and remitted premiums on his behalf. Furthermore, he expected the policies to lapse upon his failure to pay the premiums.

The evidence contradicted appellant's position on this issue. Appellee testified that he sent appellant a letter in the fall of 1985 stating that he felt that appellant no longer wanted him to handle his insurance. He enclosed lost policy releases for appellant to sign in order to cancel the policies. Instead of signing the forms and returning them to appellee, appellant called appellee and questioned why appellee did this. Receipt of these letters refuted appellee's assertion that he was not aware of the need to sign such forms, or take any step other than to stop payment of premiums, in order to cancel his policies.

There was further evidence that appellant was aware that the policies had not been canceled, and that appellee was paying his premiums, by appellant's actions in submitting a claim to appellee for damage to some rental property in October 1986. Attached to the police report and repair bills was a note from appellant stating in essence that if appellee was paying the premiums then he might as well submit this claim to the insurer to see if they would pay for the damage. He requested that appellee take the amount due for premiums out of this claim and send him the balance.

Therefore, we find that there is sufficient evidence to establish that appellee had authority to remit premiums on appellant's behalf. Consequently, appellant's first assignment of error is overruled.

In his second assignment of error, appellant argues that the trial court's judgment was against the weight of the evidence because the stated beginning balance of the account was assumed but never established. Civ. R. 10(D) governs a claim on an account and states that when a claim is founded upon an account a copy thereof must be attached to the pleading. Civ. R. 10(D) does not spell out in detail what the account must contain. This must be

determined by reviewing statutory and case law.

"An account must show the name of the party charged and contain: (1) a beginning balance (zero, or a sum that can qualify as an account stated, or some other provable sum); (2) listed items, or an item, dated and identifiable by number or otherwise, representing charges, or debits, and credits; and (3) summarization by means of a running or developing balance, or an arrangement of beginning balance and items which permits the calculation of the amount claimed to be due." *Brown* v. *Columbus Stamping & Mfg. Co.* (1967), 9 Ohio App. 2d 123, 38 O.O. 2d 143, 223 N.E. 2d 373, paragraph three of the syllabus. Absolute certainty of proof is not required, but there must be something upon which the court can form its judgment. *Beckwith* v. *Cleveland Telephone Co.* (1911), 17 Ohio C.C. (N.S.) 527, 32 Ohio C.D. 265.

Appellee has submitted, as exhibit No. 1, several pages of a balance sheet which begins with a balance of $1,017 in 1984 and ends with a balance of $1,562 in March 1986. Appellee's testimony is unrefuted that this states a running balance of an account between him and appellant. Appellee admitted that he did not attach the first page of the account and that is why the beginning balance is not at zero. There is a balance of $5 owed in March 1985. Appellant claims that it was in August 1985, while talking to appellee about a piece of machinery that was stolen from his residence, that he first became aware that appellee was paying his premiums for him. The issue raised in appellant's second counterclaim, regarding a claim for damages to a vacant apartment in Dayton, did not occur until January 1986. Therefore, all of the events in question are reflected on the balance sheet after March 1985, when the running balance was stated to be $5.

At trial, appellee's testimony established each debit and credit reflected on the balance sheet which pertained to the transactions in question. Although appellant argued that a zero balance was never shown on the balance sheet, he never refuted the amounts claimed by appellee to reflect the amounts owed him by appellant on each insurance contract. The effect of an account stated is that the account will be taken as correct until shown by the party to whom it was rendered to be incorrect. *P.J. Goodhart & Co.* v. *Rastert* (1900), 7 Ohio N.P. 534, 10 Ohio Dec. 40.

"* * * Competent oral testimony is admissible to prove any or all of the issues, in an action on an account, including the existence of the account." *American Security Service* v. *Baumann* (1972), 32 Ohio App. 2d 237, 61 O.O. 2d 256, 289 N.E. 2d 373, paragraph four of the syllabus. It is not necessary that an "account book," "ledger," or other record be in existence or introduced into evidence in order to prove the existence of the account. *Baumann, supra.* Introduction of properly maintained and proven business records into evidence does not preclude the admission of testimony, based on firsthand knowledge, to prove the fact which the business records are offered to prove. *Baumann, supra.* "In an action on an account, the word 'account' has reference to the type of relationship between the parties and not to a particular book or record. * * *" *Baumann, supra,* at 245, 61 O.O. 2d at 260, 289 N.E. 2d at 378. The action is founded upon contract and thus a plaintiff must prove the necessary elements of a contract action, and, in addition, must prove that the contract involves a transaction that usually forms the subject of a book account. *Baumann, supra.*

Appellee testified positively and unequivocally that services were

rendered by him expressly for appellant at his request and that charges were made against appellant therefor. In addition to appellee's testimony, the aforementioned balance sheets were introduced into evidence and appellee identified the amounts on the balance sheets and correlated the stated amounts with the premiums which he paid on behalf of appellant and for which appellant owed him.

We find that appellee's proof of the account coupled with appellant's failure to refute the amounts stated as owing from him to appellee, and also a beginning balance in 1985 of $5, was sufficient evidence to establish an existing account and the amount owed to appellee by appellant. Therefore, the trial court's judgment was not against the weight of the evidence and appellant's second assignment of error is overruled.

In his final assignment of error, appellant argues that the dismissal of his second counterclaim was against the manifest weight of the evidence. Appellant claims that he should be excused from his obligation to pay his premiums in light of the trial court's conclusion, stated in the findings of fact and conclusions of law, that appellee owed a duty to assist him in presenting claims, and appellee's admission that he did not submit the claim which appellant requested him to file in October 1986.

Appellant claimed, in his second counterclaim, that he submitted an additional claim to appellee which was never submitted to the insurance company for consideration. From this statement of his claim, we are unable to determine whether his cause of action is a tort based upon negligence, or whether appellant is alleging breach of contract, or both. Appellant's proof fails under either theory. He failed to present any evidence of damages, necessary under a negligence theory, or the terms of the contract, necessary under a contract theory.

It is well-established that a negligence action requires proof of three things: (1) that the plaintiff was owed a legally recognized duty by the defendant, (2) that this duty was breached by the defendant, and (3) that he suffered injury as a proximate result of the breach of duty. *Menifee* v. *Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 15 OBR 179, 472 N.E. 2d 707. In this case, the trial court found that appellant failed to prove that if the claim had been presented to the insurance company, it would have been deemed meritorious. The court further found that there was no evidence that the claim would have been covered, or of the amount recoverable. After a review of the record, we agree with the findings of the trial court. After all, we cannot reverse a trial court's decision as being against the manifest weight of the evidence when it is supported by substantial, competent and credible evidence. *C. E. Morris Co.* v. *Foley Construction Co.* (1978), 54 Ohio St. 2d 279, 58 O.O. 3d 261, 376 N.E. 2d 578; *Seasons Coal Co.* v. *Cleveland* (1984), 10 Ohio St. 3d 77, 10 OBR 408, 461 N.E. 2d 1273. Thus, appellant has not sufficiently stated a cause of action based in tort.

Because the evidence suggests some form of agreement between the parties and a consensual relationship whereby appellee undertook the obligation to procure insurance contracts for appellant and to pay his premiums for him, it is possible that appellant's second counterclaim could have been based in contract. Even if this were so, appellant has put forth no evidence upon which the trial court could have determined whether appellee did, in fact, breach a contract existing between the parties. The terms of their alleged contract were never

put into evidence and therefore it is impossible to determine whether appellee was in fact obligated to submit a claim on behalf of appellant when appellant had delayed beyond the required sixty days in submitting the claim to appellee.

The trial court chose to address appellant's claim under a negligence theory and, as such, correctly determined that, by failing to show any damages proximately caused by appellee's failure to submit the claim, appellant failed to state a claim upon which relief can be granted.

Appellant's third assignment of error is overruled.

The assignment of error properly before this court having been ruled upon as heretofore set forth, it is the order of this court that the judgment or final order herein appealed from be, and the same hereby is, affirmed.

*Judgment affirmed.*

HENDRICKSON, P.J., KOEHLER and YOUNG, JJ., concur.