OPINION
{¶ 1} Defendant, Ayo Ogunduyile, appeals from a summary judgment for Plaintiff, Citibank (South Dakota), N.A.
 {¶ 2} On February 3, 2006, Citibank commenced an action in municipal court against Ogunduyile, seeking $13,560.48 allegedly due on a credit card account. Ogunduyile filed an Answer denying the allegations in the Complaint. Citibank *Page 2 
moved for summary judgment on its claim.
 {¶ 3} On August 18, 2006, the trial court granted Citibank's motion for summary judgment and entered judgment for Citibank in the amount of $13,560.48, plus 6% interest per annum and court costs. Ogunduyile filed a timely notice of appeal.
ASSIGNMENT OF ERROR {¶ 4} "THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN SUSTAINING CITIBANK'S MOTION FOR SUMMARY JUDGMENT."
 {¶ 5} Summary judgment is proper if there is no genuine issue of material fact and, viewing the evidence most strongly in favor of the non-movant, it appears from the evidence that reasonable minds can come to but one conclusion and that conclusion is adverse against the non-movant. Civ. R. 56(C). "[T]he moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record before the trial court which demonstrate the absence of a genuine issue of fact. . . ."Dresher v. Burt, 75 Ohio St.3d 280, 292, 1996-Ohio-107; Civ. R. 56(C). The nonmoving party then has a reciprocal burden "to set forth specific facts showing that there is a genuine issue for trial. . . ."Dresher, 75 Ohio St.3d at 293; Civ. R. 56(E). The nonmoving party may not rest upon the *Page 3 
mere allegations or denials of the pleadings. Civ. R. 56(E).
 {¶ 6} When reviewing a trial court's grant of summary judgment, an appellate court conducts a de novo review. Grafton v. Ohio EdisonCo., 77 Ohio St.3d 102, 105, 1996-Ohio-336. "De Novo review means that this court uses the same standard that the trial court should have used, and we examine the evidence to determine whether as a matter of law no genuine issues exist for trial." Brewer v. Cleveland City Schools Bd. OfEdn. (1997), 122 Ohio App.3d 378, 383, 701 N.E.2d 1023, citingDupler v. Mansfield Journal Co. (1980), 64 Ohio St.2d 116, 119-20,413 N.E.2d 1187. Therefore, the trial court's decision is not granted any deference by the reviewing appellate court. Brown v. Scioto Cty. Bd. OfCommrs. (1993), 87 Ohio App.3d 704, 711, 622 N.E.2d 1153.
 {¶ 7} Citibank commenced an action to recover money due on a credit card account. In order to recover money due, "`[a]n account must show the name of the party charged and contain: (1) a beginning balance (zero, or a sum that can qualify as an account stated, or some other provable sum); (2) listed items, or an item, dated and identifiable by number or otherwise, representing charges, or debits, and credits; and (3) summarization by means of a running or developing balance, or an arrangement of beginning balance and items which permits the calculation of the amount claimed to be due.'" Gabriele v. Reagan (1988),57 Ohio App.3d 84, 87, 566 N.E.2d 684, quoting *Page 4 Brown v. Columbus Stamping Mfg. Co. (1967), 9 Ohio App.2d 123,223 N.E.2d 373, paragraph three of the syllabus.
 {¶ 8} Citibank presented an affidavit of Kris Dietz in support of its motion for summary judgment. Attached to the affidavit are computer printouts of monthly account statements that were sent to Ogunduyile. The statements showed purchases made by Ogunduyile and finance charges that were applied to the account during the billing cycles. The account statements attached to Kris Dietz's affidavit, if properly authenticated pursuant to Civ. R. 56, establish an account between Ogunduyile and Citibank. Gabriele.
 {¶ 9} To determine whether the account statements were properly authenticated, we are guided by Civ. R. 56(E), which provides, in pertinent part, that "[s]upporting and opposing affidavits shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated in the affidavit. Sworn or certified copies of all papers or parts of papers referred to in an affidavit shall be attached to or served with the affidavit."
 {¶ 10} Although Civ. R. 56 does not directly refer to evidentiary exhibits, such evidence may be considered when it is incorporated by reference into a properly framed affidavit *Page 5 
pursuant to Civ. R. 56(E). Skidmore Assoc. Co. v. Southerland (1993),89 Ohio App.3d 177, 179. In order to properly incorporate attached evidentiary exhibits, the affidavit needs merely to state that the attached materials are true copies and reproductions of the original documents. State ex rel. Corrigan v. Seminatore (1981),66 Ohio St.2d 459, 467, 423 N.E.2d 105.
 {¶ 11} The monthly account statements detailing the activity in Ogunduyile's Citibank account were properly before the trial court for consideration under Civ. R. 56(C) and (E). Kris Dietz's affidavit stated that, by virtue of her position with Citibank, she had access to all information regarding delinquent credit card accounts and had personal knowledge of all relevant financial and account information regarding Ogunduyile's account number. Her affidavit also stated that the monthly account statements attached to her affidavit were a hard copy printout of the financial information contained in Ogunduyile's account. This language is sufficient to authenticate the attached account statements.Citibank (South Dakota), N.A. v. Lesnick, Lake App. No. 2005-L-013,2006-Ohio-1448, _14.
 {¶ 12} Kris Dietz's affidavit and the account statements are sufficient to establish a prima facie case for money owned *Page 6 
on an account. "The effect of an account stated is that the account will be taken as correct until shown by the party to whom it was rendered to be incorrect." Gabriele, 57 Ohio App.3d at 87 (citation omitted). The burden then shifted to Ogunduyile to affirmatively demonstrate the existence of genuine issues of material fact. Dresher,75 Ohio St.3d at 293.
 {¶ 13} Ogunduyile submitted an affidavit in opposition to Citibank's motion for summary judgment. (Docket #13). His affidavit states:
 "1. I Ayo Ogunduyile am the defendant in Case No. 06 CVF 1136.
 2. I do not owe the amount of the debt that is claimed by Citibank.
 3. I have not been provided with a correct copy of the account that is owed by Citibank.
 4. In trying to obtain a correct accounting of the account owed I was informed by a representative of either Universal Bank or Citibank that the account had been deemed un-collectible and a business loss had been declared."
 {¶ 14} Ogunduyile argues that his affidavit is sufficient to establish a genuine issue of material fact, because the *Page 7 
affidavit disputes the amount of the debt owed, whether Ogunduyile was given notice of the account, and whether the account was waived or deemed uncollectible by Citibank. We disagree, because Ogunduyile's affidavit is too general and vague to create any genuine issue of material fact.
 {¶ 15} Ogunduyile's statement that he does not owe the amount of the debt that is claimed by Citibank is nothing more than a general denial of Citibank's claim, which is insufficient to satisfy Ogunduyile's reciprocal burden under Dresher and Civ. R. 56(E). Instead, Ogunduyile was required to set forth specific facts that would permit a trier of fact to find that the amount of debt claimed by Citibank was incorrect.
 {¶ 16} Ogunduyile's statement that he was not provided with a correct copy of the account is immaterial in relation to Citibank's evidence that an account exists and an amount is due and owing on the account. The existence of the debt and the creditor's right to prosecute a claim on the account from which the debt arose is not contingent on notice to the debtor. Even so, the payments Ogunduyile made on the account that are demonstrated by Citibank's uncontroverted evidence preclude any genuine issue of material fact that Oguyduyile lacked notice of it, as he claims. *Page 8 
 {¶ 17} Finally, Ogunduyile argues that there is a genuine issue regarding whether the debt was waived when a representative of Citibank told him that Citibank had deemed the account uncollectible. However, absent any consideration it received from Ogunduyile for the alleged waiver, Citibank is not bound by the alleged waiver of its right to collect the amount due. The Citibank representative's alleged statement, standing alone, does not create a genuine issue of material fact regarding whether Citibank waived its right to collect on the credit card account.
 {¶ 18} The assignment of error is overruled. The judgment of the trial court will be affirmed.
 WOLFF, P.J., and FAIN, J., concur. *Page 1