OPINION
{¶ 1} This matter is before the Court on the pro se Notice of Appeal of Michael L. Cleaver, filed October 23, 2006. On December 9, 2005 following a bench trial, Cleaver was found guilty of felonious assault (deadly weapon), and having a weapon while under disability. Cleaver was also convicted of a firearm specification. The trial court sentenced Cleaver to four *Page 2 
years on each count to be served concurrently with each other and an additional term of three years on the gun specification, to be served consecutively and prior to the definite term of imprisonment. The victim of the assault was Herman Hicks. In the course of a struggle, Cleaver shot Hicks, injuring his left ear.
 {¶ 2} On May 23, 2006, Cleaver filed a pro se Petition to Vacate or Set Aside Sentence, pursuant to R.C. 2953.21. Cleaver argued that there was insufficient evidence to support his conviction, that his conviction was against the manifest weight of the evidence and that it was based on hearsay evidence. Cleaver also argued that he was denied effective assistance of counsel in that his attorney failed to subpoena a key witness, failed to file a motion to suppress, advised Cleaver to proceed with a bench trial, as opposed to a jury trial, and advised him not to take the plea agreement offered by the State. On June 16, 2006, Cleaver filed an Amended Petition. On July 3, 2006, the State filed a Motion for Summary Judgment or Dismissal and a Motion to Strike Petitioner's Amended Petition to Vacate or Set Aside Sentence. Cleaver then filed a Motion for Leave to File a [sic] Amended Post Conviction Petition on July 18, 2006. On August 22, 2006, the trial court overruled Cleaver's Petition. On October 6, 2006, the trial court overruled Cleaver's motion for leave to filed an amended post-conviction petition and sustained the State's motion to strike Cleaver's amended petition. Also on October 6, 2006, the trial court issued a Decision Entry Sustaining Plaintiff s Motion for Summary Judgment. The court determined that Cleaver's "claims — that his conviction was against the manifest weight of the evidence and that his conviction was based on hearsay evidence — are res judicata, for purposes of the instant petition, as such are properly raised on direct appeal." The court also determined that Cleaver did not "establish that there was a *Page 3 
substantial violation of his counsel's duties, that he was prejudiced by such, or that the efforts of his trial counsel fell below an objective standard of reasonable representation such that but for the alleged errors, the results of the trial would have been different." Finally, the court determined that "the purposes and principles of sentencing as set forth in the Ohio Revised Code and the seriousness and recidivism factors contained therein would not best be served by an early release."
 {¶ 3} On November 9, 2006, we affirmed Cleaver's conviction. State v.Cleaver, Montgomery App. No. 21387, 2006-Ohio-5692.
 {¶ 4} Cleaver asserts four assignments of error. His first assignment of error is as follows:
 {¶ 5} "TRIAL COURT NOT IN COMPLIANCE WITH OHIO CIVIL RULE 56(C) WHICH PLACES A DUTY UPON THE TRIAL COURT TO CONSIDER ALL APPROPRIATE MATERIALS BEFORE RULING ON A MOTION FOR SUMMARY JUDGMENT AND TO VIEW THE FACTS IN LIGHT MOST FAVORABLE TO THE NON-MOVING PARTY."
 {¶ 6} "When reviewing a trial court's grant of summary judgment, an appellate court conducts a de novo review. (Internal citation omitted). `De novo review means that this court uses the same standard that the trial court should have used, and we examine the evidence to determine whether as a matter of law no genuine issues exist for trial.' (Internal citations omitted). Therefore, the trial court's decision is not granted any deference by the reviewing appellate court." Citibank (South Dakota)v. Ogunduyile, Montgomery App. No. 21794, 2007-Ohio-5166. *Page 4 
 {¶ 7} In considering a petition for post-conviction relief, "the court shall determine whether there are substantive grounds for relief. In making such a determination, the court shall consider, in addition to the petition, the supporting affidavits, and the documentary evidence, all the files and records pertaining to the proceedings against the petitioner, including, but not limited to, the indictment, the court's journal entries, the journalized records of the clerk of the court, and the court reporter's transcript." R.C. 2953.21(C)
 {¶ 8} According to Cleaver, "Reasonable minds can come to only one conclusion and that would be that the injury inflicted upon Mr. Hicks was caused by way of a bite wound by the defendant" and not a gunshot.
 {¶ 9} In granting summary judgment in favor of the State, the trial court correctly determined that the doctrine of res judicata barred Cleaver's claims that the State's evidence did not support his conviction for felonious assault and the related gun specification.State v. Perry (1967), 10 Ohio St.2d 175, 226 N.E.2d 104. Cleaver's first assignment of error is overruled.
 {¶ 10} Cleaver's second and third assignments of error are as follows:
 {¶ 11} "THE TRIAL COURT ERRED BY VIOLATING DEFENDANT'S CONSTITUTIONAL RIGHTS, BY U.S. SIX AMENDMENT AND ALSO COMPARATIVE WITH OHIO CONSTITUTIONAL BILL OF RIGHTS, ARTICLE I, SUB-SECTION 10 TO HAVE COMPULSORY PROCESS TO OBTAIN WITNESS IN DEFENDANT'S FAVOR."
 {¶ 12} And,
 {¶ 13} "TRIAL COURT VIOLATED DEFENDANT'S RIGHTS UNDER AMENDMENT #6 OF THE U.S. CONSTITUTION, COMPARATIVE TO THE OHIO CONSTITUTION, ARTICLE #1 SUB-SECTION #10, THE RIGHT OF ACCUSED PERSONS *Page 5 
AT TRIAL TO HAVE ASSISTANCE OF COUNSEL FOR HIS DEFENSE, AND THE ASSISTANCE OF COUNSEL SHALL BE EFFECTIVE."
 {¶ 14} Cleaver argues that his counsel was ineffective for failing to subpoena a certain witness and for failing to file a motion to suppress. In determining whether a defendant has received the effective assistance of trial counsel, we apply the standards set forth in Strickland v.Washington (1984), 466 U.S. 668, 686, 104 S.Ct. 2052, 80 L.Ed.2d 674. "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Id. "A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction * * * has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the `counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction * * * resulted from a breakdown in the adversary process that renders the result unreliable." Id., at 687.
 {¶ 15} "The Ohio Supreme Court has enunciated a similar test for determining claims for ineffective assistance of counsel:
 {¶ 16} "2. Counsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance. (Internal citations *Page 6 
omitted).
 {¶ 17} "3. To show that a defendant has been prejudiced by counsel's deficient performance, the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different. (Internal citations omitted).
 {¶ 18} "In Strickland, supra, the Supreme Court instructed:
 {¶ 19} "Judicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable. (Internal citations omitted). A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel `s conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action `might be considered sound trial strategy.' (Internal citations omitted). There are countless ways to provide effective assistance in any given case. Even the best criminal defense attorneys would not defend a particular client in the same way. (Internal citations omitted).
 {¶ 20} "The availability of intrusive post-trial inquiry into attorney performance or of detailed guidelines for its evaluation would encourage the proliferation of ineffectiveness *Page 7 
challenges. Criminal trials resolved unfavorably to the defendant would increasingly come to be followed by a second trial, this one of counsel's unsuccessful defense. Counsel's performance and even willingness to serve could be adversely affected. Intensive scrutiny of counsel and rigid requirements for acceptable assistance could dampen the ardor and impair the independence of defense counsel, discourage the acceptance of assigned cases, and undermine the trust between attorney and client.
 {¶ 21} "Thus, a court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct. A convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. The court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. In making that determination, the court should keep in mind that counsel's function, as elaborated in prevailing professional norms, is to make the adversarial testing process work in the particular case. At the same time, the court should recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. Strickland, supra, at 689-690." State v.Lloyd (March 31, 1999), Montgomery App. No. 15927.
 {¶ 22} Cleaver attached an "Affidavit of Michael Cleaver" and an "In Attachment to Affidavit" to his petition. Regarding the witness that Cleaver's counsel did not subpoena, the Affidavit merely provides, "Also mentioning that my counsel failed to subpena [sic] Wayne Hickman as a witness in my the defendants [sic] behalf." The trial court had no basis, from the *Page 8 
conclusory statement in Cleaver's Affidavit, to conclude that a genuine issue of material fact existed as to whether Cleaver's counsel was deficient in failing to subpoena Hickman. The affidavit fails to articulate a basis for how Hickman's testimony would have effected the outcome of the trial.
 {¶ 23} Regarding the motion to suppress that Cleaver argues his counsel should have filed, it appears from his Affidavit that Cleaver does not comprehend the nature of such a motion. His Affidavit provides, "Also not filing a Motion to supress [sic] evidence in regard to criminal rule 16. Relevancy evidence of Facts to lead to the Finding of a not guilty charge of the use of brandishing of a firearm. Such as pictures of seen [sic] of crime inwhich [sic] in affidavits statement and Discovery you have Detectives, Two police officers that state that they could not locate alleged scene of crime there were no blood found no shell casing the firearm in this allegation would ej ect shell casing. Also since no penetration, pictures would show a visual or view of surrounding area that would have been damaged by ammunition. You will notice that the detective canvassed neighborhood and neighbors and witnesses of event all said that the result of injury was caused by a bite and not a gunshot no firearm was seen or involved or heard."
 {¶ 24} Cleaver cites Crim.R. 16 in his Affidavit and Crim.R. 16(C) and (F) in his brief. Crim.R. 16 governs the discovery process and delineates information subject to disclosure and information not subject to disclosure, and it sets forth the proper time period for motions for discovery. Thus, Cleaver's Affidavit does not establish that a genuine issue of material fact existed as to whether his counsel was deficient for failing to file a motion to suppress rendering the outcome of the trial unreliable. *Page 9 
 {¶ 25} Since the trial court correctly determined that Cleaver did not set forth specific facts showing that a genuine issue of material fact existed regarding ineffective assistance of counsel, Cleaver's second and third assignments of error are overruled.
 {¶ 26} Cleaver's fourth assignment of error is as follows:
 {¶ 27} "THE TRIAL COURT WAS NOT IN COMPLIANCE WITH THE OHIO REVISED CODE (2953.21)(C), BY NOT FILING FACTS, FINDINGS AND CONCLUSIONS OF LAW, PERTINENT TO MY MOTION TO FILE AND ACCEPT AMENDED PETITION ON JULY 18, 2006."
 {¶ 28} Cleaver finally argues that the trial court erred in not making and filing findings of fact and conclusions of law in overruling Cleaver's motion to amend his petition, pursuant to R.C. 2953.21(C). R.C. 2953.21(C) provides in relevant part, "If the court dismisses the petition [for post-conviction relief], it shall make and file findings of fact and conclusions of law with respect to such dismissal." The Decision and Entry denying Cleaver's motion to amend his petition is not a dismissal of his petition within the meaning of R.C. 2953.21(C) but is rather an order striking the amended petition that Cleaver filed without leave of court. Nothing in the statute or case law requires the court to make findings of fact and conclusions of law before denying a motion to amend. Cleaver's fourth assignment of error accordingly lacks merit and is overruled. Judgment affirmed.
 WOLFF, P.J. and FAIN, J., concur. *Page 1