OPINION *Page 2 
{¶ 1} On April 17, 2008, appellee, Capital One Bank, NA, filed a complaint against appellant, Matthew Doerschuk, for money due an owing on a VISA credit card account. On June 20, 2008, appellee received leave to file a motion for summary judgment. By judgment entry filed July 15, 2008, the trial court granted the motion, and awarded appellee as against appellant $872.78, plus interest and costs.
 {¶ 2} Appellant filed an appeal and this matter is now before this court for consideration. The assignment of error gleaned from the appellant's pro se brief is as follows:
 I {¶ 3} "THE TRIAL COURT ERRED IN GRANTING APPELLEE'S MOTION FOR SUMMARY JUDGMENT."
 I {¶ 4} Appellant claims the trial court erred in granting summary judgment to appellee. Specifically, appellant claims there was insufficient evidence to establish the amount owed on the debt. We disagree.
 {¶ 5} Summary Judgment motions are to be resolved in light of the dictates of Civ. R. 56. Said rule was reaffirmed by the Supreme Court of Ohio in State ex rel. Zimmerman v. Tompkins, 75 Ohio St.3d 447, 448,1996-Ohio-211:
 {¶ 6} "Civ. R. 56(C) provides that before summary judgment may be granted, it must be determined that (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and *Page 3 
viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. State ex. rel. Parsons v. Fleming (1994),68 Ohio St.3d 509, 511, 628 N.E.2d 1377, 1379, citing Temple v. WeanUnited, Inc. (1977), 50 Ohio St.2d 317, 327, 4 O.O3d 466, 472,364 N.E.2d 267, 274."
 {¶ 7} As an appellate court reviewing summary judgment motions, we must stand in the shoes of the trial court and review summary judgments on the same standard and evidence as the trial court. Smiddy v. TheWedding Party, Inc. (1987), 30 Ohio St.3d 35.
 {¶ 8} This matter involves a VISA credit card account. In his answer filed May 16, 2008, appellant claimed appellee could not produce evidence that he had actually applied for the credit card and that he had in fact used the card, and denied that he owed appellee $872.78.
 {¶ 9} In its motion for summary judgment, appellee attached Exhibit A which consists of two charge account statements addressed to appellant at his same address listed on the complaint, and evidences a principle amount due and owing of $872.78 which includes two past due fees of $29.00 each. Exhibit B is the affidavit of Tracy Taylor, appellee's records custodian, verifying the amount due and owing. In his response filed July 14, 2008, appellant did not present an affidavit to support his challenges to the amount due and owing:
 {¶ 10} "Defendant denies having applied for or authorizing the mentioned account with the stated credit line. Again, in the day and age in which we live, this matter could be resolved once the Plaintiff provides exacting evidence that it is in fact *Page 4 
the Defendant mentioned that is responsible for the claim. Even prior to this claim, Plaintiff has refused to supply to the Defendant with the evidence to support their allegations via loan agreement, card holder agreement, even a signed charge slip. It would appear they have not been provided because they do not exist. Therefore, this claim should be dismissed for the Plaintiff's failure to provide evidence specifically against the Defendant or the Court should have no other choice in considering a Summary Judgment than to rule in favor of the Defendant."
 {¶ 11} Pursuant to a clear reading of Civ. R. 56, appellant must present affidavit quality evidence to dispute appellee's claim, as appellant may not rely merely on his own denial. See, Citibank N.A. v.Ogunduyile, Montgomery App. No. 21794, 2007-Ohio-5166; Dresher v.Burt, 75 Ohio St.3d 280, 1996-Ohio-107; and Wing v. Anchor Media Ltd. OfTexas (1991), 59 Ohio St.3d 108.
 {¶ 12} Upon review, we find the trial court did not err in granting summary judgment to appellee. There were no genuine issues of material fact, and appellee's Exhibits A and B were sufficient to establish its claim.
 {¶ 13} The sole assignment of error is denied. *Page 5 
 {¶ 14} The judgment of the Canton Municipal Court of Stark County, Ohio is hereby affirmed.
 Farmer, P.J. Gwin, J. and Wise, J. concur. *Page 6 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Canton Municipal Court of Stark County, Ohio is affirmed. Costs to appellant. *Page 1