[Cite as *CACH, L.L.C. v. Donohue*, 2017-Ohio-5672.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY

| | | |
|---|---|---|
| CACH, LLC, | : | |
| Plaintiff-Appellee, | : | CASE NO. CA2016-09-083 |
| | : | O P I N I O N<br>7/3/2017 |
| - vs - | : | |
| | : | |
| JOHN DONOHUE, | : | |
| Defendant-Appellant. | : | |

CIVIL APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
Case No. 14CV85969

William C. Grossman Law, PLLC, Matthew S. Salyer, 231 Springside Drive, Suite 140, Akron, Ohio 44333, for plaintiff-appellee

Rose & Dobyns Co., L.P.A., Scott B. Evans, 97 North South Street, Wilmington, Ohio 45177, for defendant-appellant

**S. POWELL, P.J.**

{¶ 1} Defendant-appellant, John Donohue, appeals from the decision of the Warren County Court of Common Pleas, which granted summary judgment in favor of plaintiff-appellee, CACH, LLC. For the reasons discussed below, we affirm in part and reverse in part.

{¶ 2} CACH sued Donohue in July 2014 asserting a claim on an account. CACH

alleged that it purchased an outstanding debt that Donohue originally owed to Fifth Third Bank for Donohue's use of a Fifth Third Bank consumer credit card. CACH alleged that Donohue owed $13,538.90 on the credit card account. That amount included the principal owed for individual credit charges, plus interest and various fees. The complaint further stated that the Fifth Third Bank cardholder agreement had been destroyed pursuant to Fifth Third Bank's document retention policy. The complaint requested judgment in the amount of $13,538.90 and post-judgment interest at three percent.

{¶ 3} Donohue answered the complaint, generally denying CACH's allegations. CACH eventually moved for summary judgment. In support of its motion, CACH attached account statements addressed to Donohue at an address in Warren County, Ohio. The statements began in October 2011 and ended in November 2012. The statements list individual charges through the use of the credit card, as well as interest and various fees, including late payment fees.

{¶ 4} CACH authenticated the statements through the affidavit of a Fifth Third Bank vice president and custodian of records, George Hunter. Hunter's affidavit averred that Donohue opened the account in 2008 and that the account last received a payment in March 2012. Hunter's affidavit also averred that the account had been assigned to CACH in November 2012 and the total unpaid balance at the time of assignment was $13,538.90.

{¶ 5} CACH also attached the affidavit of its custodian of records. The CACH custodian authenticated the Fifth Third Bank records as having been incorporated into CACH's records. The CACH custodian further averred that CACH acquired the Donohue account from Fifth Third Bank in November 2012 and that Donohue had made no payments on the account since CACH purchased the debt.

{¶ 6} CACH attached a signed bill of sale purporting to demonstrate how it purchased the debt from Fifth Third Bank. CACH also attached what appears to be a print-out from the

Warren County Auditor's website. This document listed information concerning the property at the address that appeared on the Fifth Third Bank account statements. "John W. Donohue" is shown as the owner of the property since 2003.

{¶ 7} In opposition to summary judgment, Donohue argued that because the cardholder agreement was destroyed or lost it would be impossible for the court to find that he breached any agreement. Donohue further disputed CACH's standing to pursue the alleged debt and argued that the two affidavits did not clearly indicate that CACH purchased the debt. Donohue did not attach any summary judgment evidence to his memorandum in opposition.

{¶ 8} The court granted summary judgment in favor of CACH, granting judgment in the amount of $13,538.90 plus post-judgment interest at the rate of three percent. Donohue assigns one error for our review.

{¶ 9} THE TRIAL COURT ERRED BY GRANTING APPELLEE'S MOTION FOR SUMMARY JUDGMENT.

{¶ 10} Donohue argues that genuine issues of fact exist with respect to the amount of CACH's damages. Donohue also contends that genuine issues of fact exist with respect to whether he opened or used the account and whether CACH had standing to pursue the debt.

{¶ 11} This court reviews summary judgment decisions *de novo*, which means that we review the trial court's judgment independently and without deference to its determinations and use the same standard in our review that the trial court should have employed. *Ludwigsen v. Lakeside Plaza, L.L.C.*, 12th Dist. Madison No. CA2014-03-008, 2014-Ohio-5493, ¶ 8. Summary judgment is appropriate under Civ.R. 56(C) when (1) there are no genuine issues of material fact to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) when all evidence is construed most strongly in favor of the nonmoving party, reasonable minds can come to only one conclusion, and that conclusion is

adverse to the nonmoving party. *Zivich v. Mentor Soccer Club*, 82 Ohio St.3d 367, 369-370, 1998-Ohio-389. "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Civ.R. 56(C).

{¶ 12} The movant bears the initial burden of informing the court of the basis of the motion and demonstrating the absence of a genuine issue of material fact. *Ludwigsen* at ¶ 9. Once the moving party meets this burden, the nonmoving party may not rest on the allegations of his pleadings but must set forth specific facts showing a genuine issue for trial. *Id.* Civ.R. 56(E).

{¶ 13} To establish a claim for breach of contract, a plaintiff must prove (1) the existence of a contract, (2) plaintiff fulfilled his or her contractual obligations, (3) defendant failed to fulfill his or her contractual obligations, and (4) due to this failure plaintiff incurred damages. *Nguyen v. Chen*, 12th Dist. Butler No. CA2013-10-191, 2014-Ohio-5188, ¶ 43. The case law in Ohio is clear that the issuance and use of a credit card creates a legally binding agreement between the issuer and the user of a credit card. *See Citibank v. Ebbing*, 12th Dist. Butler No. CA2012-12-252, 2013-Ohio-4761, ¶ 54. Accordingly, a written contract is not necessary for a credit card agreement to be binding. *Id.*

{¶ 14} Donohue first argues that genuine issues of fact exist with respect to the amount of CACH's damages. To prove the value of the debt owed, CACH submitted authenticated copies of Fifth Third Bank account statements.

> An account must show the name of the party charged and contain: (1) a beginning balance (zero, or a sum that can qualify as an account stated, or some other provable sum); (2) listed items, or an item, dated and identifiable by number or otherwise, representing charges, or debits, and credits; and (3)

- 4 -

summarization by means of a running or developing balance, or an arrangement of beginning balance and items which permits the calculation of the amount claimed to be due.

*Gabriele v. Reagan*, 57 Ohio App.3d 84, 87 (12th Dist.1988), quoting *Brown v. Columbus Stamping & Mfg. Co.*, 9 Ohio App.2d 123, paragraph three of the syllabus (10th Dist.1967). Absolute certainty of proof is not required, but there must be something upon which the court can form its judgment. *Id.*, citing *Beckwith v. Cleveland Telephone Co.*, 17 Ohio C.C. (N.S.) 527, 1911 Ohio Misc. LEXIS 358 (8th Cir.1911).

{¶ 15} With respect to the first element necessary to prove an account, Donohue argues that CACH failed to show a beginning balance because Hunter's affidavit indicated that Donohue opened the account in 2008 and the first statement produced in summary judgment began in 2011. Donohue also argues that the beginning statement has a balance of $411.11. We conclude that CACH's accounting contained a proper beginning balance. The October statement reflected individual credit charges totaling $401.11 and a $10 fee for a "card replacement." Accordingly, CACH showed a zero balance in this first statement. Because the October statement showed a zero balance there was no need to provide statements dating back to the account opening date.

{¶ 16} With respect to the third element of an account, Donohue argues that while the statements list interest rates, charges for interest, and other fees, there is no evidence in the summary judgment record that Donohue agreed to incur those charges because CACH did not produce a cardholder agreement. The Ohio Supreme Court has held that a creditor may only seek interest on the account at the rate provided by statute when the creditor is unable to produce a written contract evidencing the debtor's assent to a contractual rate of interest. *Minster Farmers Coop. Exchange Co. v. Meyer*, 117 Ohio St.3d 459, 2008-Ohio-1259, ¶ 29. Notations on invoices or accounts statements setting forth an interest rate do not constitute a "written contract." *Id.* at ¶ 1.

{¶ 17} Following *Minster*, the Second, Third, and Sixth appellate districts have applied the holding of the Ohio Supreme Court to credit card collection cases, and have concluded that when the creditors' documents fail to demonstrate the parties' assent to a specific interest rate and to the imposition of late fees or over-the-limit fees, then a genuine issue of fact remains as to the balance owed on the account. *Discover Bank v. Swartz*, 2d Dist. Montgomery No. 26910 2016-Ohio-2751, ¶ 24; *Retail Recovery Serv. of NJ v. Conley*, 3d Dist. Mercer No. 10-09-15, 2010-Ohio-1256, ¶ 30; *Capital One Bank N.A. v. Heidebrink*, 6th Dist. Ottawa No. 0T-08-049, 2009-Ohio-2931, ¶ 43. Consequently, because CACH did not produce summary judgment evidence of a written contract indicating Donohue's assent to be charged contracted interest and other fees, genuine issues of fact exist with respect to CACH's damages.

{¶ 18} Donohue also argues that genuine issues of fact exist regarding whether he opened the account or used the account. We disagree. The Hunter affidavit constituted evidence that Donohue opened the credit card account. That affidavit further authenticated the Fifth Third Bank account statements, which demonstrated Donohue's use of the credit card. Donohue did not move to strike any of CACH's summary judgment evidence and Donohue has not assigned as error the court's consideration of CACH's summary judgment evidence. Most importantly, Donohue failed to support his denial that he incurred the debt with any contradictory summary judgment evidence. Accordingly, the trial court did not err to the extent that it determined that Donohue was liable to CACH for the total amounts charged by Donohue on his credit card. However, as discussed above, genuine issues of fact remain as to Donohue's liability for interest and other fees.

{¶ 19} Finally, Donohue vaguely contends that CACH failed to establish that it had standing to pursue a debt originally owned by Fifth Third Bank. However, the affidavits of Hunter and the CACH custodian constituted sufficient summary judgment evidence of the

purchase by CACH of the Fifth Third Bank credit account reflected in the account statements. Again, Donohue offered no summary judgment evidence to refute CACH's proof.

{¶ 20} Donohue's assignment of error is therefore overruled in part and sustained in part. We affirm the trial court to the extent that it found Donohue liable to CACH for the amounts Donohue charged to the credit card account. We reverse however as to the court's conclusion that CACH is presently entitled to the accrued interest and fees listed on the account statements pursuant to the Ohio Supreme Court's holding in *Minster*. This matter is remanded to the trial court for further proceedings consistent with this Opinion.

{¶ 21} Judgment is affirmed in part, reversed in part, and remanded.

PIPER and M. POWELL, JJ., concur.