OPINION
{¶ 1} Plaintiff-appellant Miami Valley Hospital appeals from a default judgment rendered against defendants-appellees Regina and Billy Edwards in the amount of $9,088.16, plus interest at the statutory rate from the date of the judgment. Miami Valley contends that the trial court erred in failing to award prejudgment interest from the date the last charge on the account arose. *Page 2 
 {¶ 2} We conclude that the trial court erred in refusing to award prejudgment interest. Accordingly, the judgment of the trial court is Reversed, and this cause is Remanded so that the trial court can determine when Miami Valley's account became due and payable and the rate of interest that should apply.
 I {¶ 3} In March 2007, Miami Valley filed a complaint against Regina and Billy Edwards, contending that they owed $9,088.16 for hospital services according to a contract or account attached to the complaint. The statement of account attached to the complaint indicated a beginning balance of $6,478.37 for "OP Service" on February 18, 2005. Various other charges were added, including a "combined accounts" charge on April 7, 2005. A deduction of $4,055.62 was also made in March 2005, to arrive at a final total due of $9,088.16. In the complaint, Miami Valley demanded judgment in the amount of $9,088.16 with interest at the statutory rate from the date of the last charge on each account.
 {¶ 4} The Edwardses were served by certified mail on March 8, 2007, but failed to file an answer. Miami Valley then filed a motion on April 19, 2007, asking the court to grant default judgment in the amount of $9,088.16. Subsequently, Miami Valley submitted a default judgment entry to the trial court, specifying that judgment would be awarded in the amount of $9,088.16, with interest at the statutory rate from and after the date of the last charge on each account or contract plus costs. The trial court crossed out the part of the entry that allowed interest from the date of the last charge on the account. The court instead awarded interest at the statutory rate from the date of *Page 3 
judgment. Miami Valley appeals from the judgment.
 II {¶ 5} Miami Valley's sole assignment of error is as follows:
 {¶ 6} "THE TRIAL COURT ERRED IN FAILING TO GRANT APPELLEE PREJUDGMENT INTEREST FROM THE DATE SPECIFIED IN THE COMPLAINT AS BEING THE DATE THAT APPELLEE'S LIABILITY AROSE UNDER THE ACCOUNT."
 {¶ 7} Under this assignment of error, Miami Valley contends that because the Edwardses failed to answer the complaint, the only issue before the trial court was whether Miami Valley was entitled to prejudgment interest as a matter of law. Miami Valley contends that it is entitled under R.C. 1343.03 to the interest rate determined pursuant to R.C. 5703.47. According to Miami Valley, the rate should be calculated from the date payment was due, in order to fully compensate Miami Valley as the aggrieved party.
 {¶ 8} As noted, Miami Valley received a default judgment against the Edwards. In this regard, Civ. R. 55(A) states that:
 {¶ 9} "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules, the party entitled to a judgment by default shall apply in writing or orally to the court therefor * * * . If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper and *Page 4 
shall when applicable accord a right of trial by jury to the parties."
 {¶ 10} The trial court did not conduct a hearing or take evidence, but instead simply signed a proposed judgment entry, with an alteration that excludes prejudgment interest. Miami Valley's complaint had requested prejudgment interest at the statutory rate from the date of the last charge on the account.
 {¶ 11} R.C. 1343.03(A) allows recovery of prejudgment interest, and states in pertinent part, that:
 {¶ 12} "* * when money becomes due and payable upon any bond, bill, note, or other instrument of writing, upon any book account, upon any settlement between parties, upon all verbal contracts entered into, and upon all judgments, decrees, and orders of any judicial tribunal for the payment of money arising out of tortious conduct or a contract or other transaction, the creditor is entitled to interest at the rate per annum determined pursuant to section 5703.47 of the Revised Code, unless a written contract provides a different rate of interest in relation to the money that becomes due and payable, in which case the creditor is entitled to interest at the rate provided in that contract."
 {¶ 13} Various Ohio courts have held that "[o]nce a plaintiff receives judgment on a contract claim, the trial court has no discretion but to award prejudgment interest under R.C. 1343.03(A). * * * The only issue for resolution by a trial court with respect to prejudgment interest under R.C. 1343.03(A) is how much interest is due." Parrish v.Coles, Franklin App. Nos. 06-AP-696 and 06AP-620, 2007-Ohio-3229, at]}68 (Citations omitted.) Accord Slack v. Cropper, 143 Ohio App.3d 74, 85, 2001-Ohio-8894, 757 N.E.2d 404, and Lehrner v. Safeco Ins./Am. StatesIns. Co., 171 Ohio App.3d 570, 592, *Page 5 2007-Ohio-795, 872 N.E.2d 295, 312, at ¶ 71-76. In addition, we have observed that:
 {¶ 14} "The test for whether prejudgment interest is properly awarded is whether the aggrieved party has been fully compensated. * * * `"[P]rejudgment interest does not punish the party responsible for the underlying damages * * *, but, rather acts as compensation and serves ultimately to make the aggrieved party whole. Indeed, to make the aggrieved party whole, the party should be compensated for the lapse of time between accrual of the claim and judgment."'" Johnson v.Kappeler (Dec. 28, 2001), Miami App. No. 01-CA-26, 2001 WL 1658178, * 7 (Citations omitted.)
 {¶ 15} In Pioneer Rural Elec. Co-Op v. Strunk, Shelby App. No. 17-99-09. 1999-Ohio-939, 1999 WL 1075434, an electric company was granted a default judgment on an account, but the trial court awarded interest only from the date of judgment. The Third District Court of Appeals reversed because the trial court had failed to award prejudgment interest. The Third District then remanded the case for a determination of the amount of interest owed. Id. at * 2. In this regard, the Third District stressed that:
 {¶ 16} "The only issue for resolution by a trial court in claims made pursuant to R.C. 1343.03(A) is how much interest is due the aggrieved party. The trial court must make a factual determination as to `when interest commences to run, i.e., when the claim becomes "due and payable," and to determine what legal rate of interest should be applied.' * * * Thus, while the right to prejudgment interest in a contract claim is a matter of law, the amount awarded is based on the court's factual determination of an accrual date and interest rate. These factual decisions will be reviewed on appeal under an abuse of discretion standard. See Cincinnati Ins. Co. v. First Natl. Bank (1980),63 Ohio St.2d 220, 407 N.E.2d 519 (Applying the abuse of discretion standard when *Page 6 
reviewing the trial court's decision to award interest from a particular date.)" 1999 WL 1075434, * 1. (Citations omitted.)
 {¶ 17} In the present case, the trial court erred because it was required to award prejudgment interest as a matter of law under R.C. 1343.03(A). The trial court did not have discretion to refuse to award prejudgment interest on Miami Valley's contractual claim. The court did have discretion to decide when Miami Valley's account became due and payable and the legal rate of interest that should apply — and the court should have made findings in that regard. If the trial court needed further information from Miami Valley, it could have held a hearing or could have requested further submissions, pursuant to Civ. R. 55(A). We would then review the award for abuse of discretion, if further appeal occurred. Lehrner, 2007-Ohio-795, at ¶ 76.
 {¶ 18} Miami Valley's sole assignment of error is sustained.
 III {¶ 19} Miami Valley's sole assignment of error having been sustained, the judgment of the trial court is Reversed, and this cause is Remanded for further proceedings consistent with this opinion.
 WOLFF, P.J., and GRADY, J., concur. *Page 1