OPINION
{¶ 1} Miami Valley Hospital ("Miami Valley") appeals from a default judgment *Page 2 
entered in its favor by the Darke County Municipal Court, insofar as it did not award prejudgment interest.
 {¶ 2} In June 2007, Miami Valley filed a complaint against Marlon and Pamela Poston seeking $7,058 for services rendered by the hospital, "with interest at the statutory rate from date of last charge on each account." The Postons did not respond to the complaint. In August 2007, Miami Valley moved for default judgment and filed an entry for the judge's signature. Miami Valley's proposed entry provided for an award of $7,058 plus interest "from * * * the date of last charge on each account." The court signed the entry with a handwritten modification reflecting that interest would accrue from the date of the judgment, rather than the date of the last charge.
 {¶ 3} Miami Valley raises one assignment of error on appeal, which challenges the court's refusal to grant prejudgment interest.
 {¶ 4} We recently addressed this issue in a case that was virtually identical to the one at hand. In Miami Valley Hospital v. Edwards, Darke App. No. 07-CA-1717, 2008-Ohio-2721, the court awarded interest from the date of the default judgment, although Miami Valley had requested interest from the date of the last charge on each account. We concluded: "The trial court erred because it was required to award prejudgment interest as a matter of law under R.C. 1343.03(A). The trial court did not have discretion to refuse to award prejudgment interest on Miami Valley's contractual claim." Id. at ¶ 17. We further explained that the trial court's discretion was limited to determining "when Miami Valley's account became due and payable and the legal rate of interest that should apply."
 {¶ 5} On the authority of Edwards, Miami Valley's assignment of error is *Page 3 
sustained.
 {¶ 6} The judgment of the trial court is reversed to the extent that the trial court did not award prejudgment interest, and the matter will be remanded for the calculation of prejudgment interest.
 BROGAN, J. and GRADY, J., concur. *Page 1