OPINION
{¶ 1} Defendant-appellant, John L. Lesnick, appeals the decision of the Lake County Court of Common Pleas granting summary judgment in favor of plaintiff-appellee, Citibank (South Dakota), N.A. For the following reasons, we affirm the decision of the court below.
 {¶ 2} On August 25, 2004, Citibank filed a complaint against Lesnick alleging that Lesnick owed Citibank $35,748.79 upon an account. Lesnick answered, denying Citibank's allegations and raising, as affirmative defenses, the claims that Citibank did not possess an original credit card application, an original agreement, or an original contract "containing Defendant's blue ink signature."
 {¶ 3} On November 15, 2004, Citibank moved for summary judgment. In support of its motion, Citibank attached the affidavit of Susan Carey, an "attorney management specialist," stating that Lesnick "did apply for and was issued" a Citibank credit card account, number XXXXXXXXXXXX1770; that Lesnick "did thereafter use or authorize the use of the credit card account for the purpose of obtaining loans to purchase goods and services or cash advances"; that Lesnick "has been provided monthly statements * * * describing the amount due"; that Lesnick "did fail to make timely payments on the credit card account * * * and * * * is presently in default." Citibank also attached copies of monthly account/billing statements for account number XXXXXXXXXXXX1770, detailing credits and debits to the account and providing a running balance. These statements detail account activity from January 2001 through July 2004. As of July 16, 2004, there was an unpaid balance of $35,478.79 on Lesnick's account.
 {¶ 4} Lesnick filed a brief and affidavit in opposition to Citibank's motion. The basis of Lesnick's opposition was that Citibank failed to make a prima facie case for an action on an account. Lesnick argued that Citibank failed to produce, inter alia, the original contract and credit card application; evidence that Citibank complied with the Fair Debt Collection Practices Act; the original, signed sales receipts for goods, services, and cash advances allegedly obtained by Lesnick; and law authorizing Citibank to lend its credit.
 {¶ 5} On December 16, 2004, the trial court entered judgment in favor of Citibank in the amount of $35,478.79 plus interest.
 {¶ 6} Lesnick has timely appealed and raises the following assignment of error: "The trial court erred in granting appellee's motion for summary judgment."
 {¶ 7} Pursuant to Civ.R. 56(C), summary judgment is proper when (1) the evidence shows "that there is no genuine issue as to any material fact" to be litigated, (2) "[t]he moving party is entitled to judgment as a matter of law," and (3) "it appears from the evidence * * * that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence * * * construed most strongly in the party's favor." A trial court's decision to grant summary judgment is reviewed by an appellate court under a de novo standard of review. Grafton v. Ohio Edison Co.,77 Ohio St.3d 102, 105, 1996-Ohio-336. A de novo review requires the appellate court to conduct an independent review of the evidence before the trial court without deference to the trial court's decision.Brown v. Cty. Commrs. of Scioto Cty. (1993),87 Ohio App.3d 704, 711 (citation omitted).
 {¶ 8} An action on an account, although founded on contract, "exists only as to the balance that may be due one of the parties as a result of [a] series of transactions." Am. Sec. Serv., Inc.v. Baumann (1972), 32 Ohio App.2d 237, 242. The "cause of action does not exist with reference to each item of the account, but only as to the balance that may be due to one or the other parties." Ludwig Hommel Co. v. Woodsfield (1927),115 Ohio St. 675, 681. The purpose of an action on an account is "to avoid the multiplicity of suits necessary if each transaction between the parties (or item on the account) would be construed as constituting a separate cause of action." Baumann,32 Ohio App.2d at 242.
 {¶ 9} In order to establish a prima facie case for money owed on an account, "[a]n account must show the name of the party charged and contain: (1) a beginning balance (zero, or a sum that can qualify as an account stated, or some other provable sum); (2) listed items, or an item, dated and identifiable by number or otherwise, representing charges, or debits, and credits; and (3) summarization by means of a running or developing balance, or an arrangement of beginning balance and items which permits the calculation of the amount claimed to be due." Gabriele v.Reagan (1988), 57 Ohio App.3d 84, 87, quoting Brown v. ColumbusStamping Mfg. Co. (1967), 9 Ohio App.2d 123, paragraph three of the syllabus. "[A]n action upon an account may be proved by the introduction of business records showing the existence of the account." Wolf Automotive v. Rally Auto Parts, Inc. (1994),95 Ohio App.3d 130, 137. See, generally, Raymond Builders Supply,Inc. v. Slapnicker, 11th Dist. No. 2003-A-0040, 2004-Ohio-1437, at ¶ 8.
 {¶ 10} Lesnick raises several arguments on appeal, all of which we reject.
 {¶ 11} First, Lesnick argues that genuine issues of material fact exist: "virtually every issue relating to the existence of the alleged agreement and the existence of any obligation on the part of [Lesnick] to [Citibank] has been properly challenged by affidavit." Carey's affidavit, filed in support of Citibank's motion for summary judgment, states that an agreement existed between Citibank and Lesnick for the use of a credit card and that Lesnick received goods, services and/or cash advances in the amount of $35,478.79. Lesnick's affidavit does not deny or dispute the existence of the account or the amount owed. Rather, he alleges that Citibank cannot prove these elements of its claim. Contrary to Lesnick's position, Carey's affidavit is sufficient to establish both the existence of the account and the amount Lesnick owes under the account.
 {¶ 12} Lesnick next argues that Citibank failed to support its motion for summary judgment with evidence as contemplated by Civ.R. 56(C). Lesnick correctly notes that, in granting summary judgment, the trial court was limited to consideration of "the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact." Civ.R. 56(C). According to Lesnick, the "account statements" attached to Citibank's motion for summary judgment do not meet this criteria.
 {¶ 13} Although Civil Rule 56 does not directly refer to evidentiary exhibits, such evidence may be considered when it is incorporated by reference into a properly framed affidavit pursuant to Civ.R. 56(E). Baron v. Andolsek, 11th Dist. No. 2003-L-005, 2004-Ohio-1159, at ¶¶ 35-36. Civil Rule 56(E) provides: An affidavit "shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. * * * Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith." In order to properly incorporate attached evidentiary exhibits, the affidavit "must merely state that the attached materials are true copies and reproductions of the original documents." McDonald CommunityFed. Credit Union v. Presco (Nov. 9, 1990), 11th Dist. No. 89-T-4241, 1990 Ohio App. LEXIS 4902, at *6, citing State exrel. Corrigan v. Seminatore (1981), 66 Ohio St.2d 459, 467.
 {¶ 14} The monthly account statements detailing the activity in Lesnick's Citibank account were properly before the trial court for consideration under Civ.R. 56(C) and (E). Carey's affidavit stated that, by virtue of her position with Citibank, she had access to all information regarding delinquent credit card accounts and had "personal knowledge of all relevant financial and account information concerning Citibank * * * account number XXXXXXXXXXXX1770." Carey's affidavit further stated that the monthly account statements, "attached hereto," are "a hard copy printout of the financial information" contained in the account.[1] This language is sufficient to authenticate the attached account statements, i.e. to establish that the documents are what they claim to be.
 {¶ 15} Lesnick challenges the validity of Carey's affidavit on the grounds that it is "a form affidavit of the `fill in the blank' nature" and that it was "signed and notarized one monthbefore the filing of the lawsuit." Neither allegation disqualifies Carey's affidavit from the trial court's consideration. While the affidavit may contain standardized language, it specifically identifies Lesnick as the defendant in the lawsuit and the holder of account number XXXXXXXXXXXX1770, references the monthly account statements attached as Exhibit A, and states the balance owing on the account as of July 2004. Nor does the fact that the affidavit was prepared in anticipation of litigation have any bearing on its admissibility.
 {¶ 16} In conclusion, Carey's affidavit and the account statements were sufficient to establish a prima facie case for money owed on an account. Thereupon, the burden shifted to Lesnick to "affirmatively" demonstrate the existence of genuine issues of material fact. Dresher v. Burt, 75 Ohio St.3d 280,293, 1996-Ohio-107. Lesnick failed to do so, claiming, instead, that Citibank failed to meet its initial burden.
 {¶ 17} For the foregoing reasons, Lesnick's assignment of error is without merit. The decision of the Lake County Court of Common Pleas granting summary judgment in favor of Citibank (South Dakota), N.A., is affirmed.
William M. O'Neill, J., concurs,
Colleen Mary O'Toole, J., concurs with a Concurring Opinion.
[1] As the Citibank account is maintained in an electronic database, there would be no "original documents" constituting the account.