[Cite as *Wells Fargo Bank, N.A. v. Reaves*, 2014-Ohio-3556.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLERMONT COUNTY

|  |  |  |
|---|---|---|
| WELLS FARGO BANK, N.A. AS TRUSTEE FOR WAMU MORTGAGE PASS THROUGH CERTIFICATES SERIES 2005-PR2 TRUST, | : | |
| | : | CASE NO. CA2014-01-015 |
| Plaintiff-Appellee, | : | O P I N I O N<br>8/18/2014 |
| | : | |
| - vs - | : | |
| | : | |
| REBECCA K. REAVES, et al., | : | |
| Defendants-Appellants. | : | |
| | : | |

CIVIL APPEAL FROM CLERMONT COUNTY COURT OF COMMON PLEAS
Case No. 2012CVE 1067

Manley Dea Kochalski LLC, Michael E. Carlton, P.O. Box 165028, Columbus, Ohio 43216-5028, for plaintiff-appellee

Thompson Hine LLP, Jessica E. Salisbury-Copper, Austin Landing 1, 10050 Innovation Drive, Suite 400, Miamisburg, Ohio 45342, for plaintiff-appellee

Thompson Hine LLP, Stephen D. Williger, 3900 Key Center, 127 Public Square, Cleveland, Ohio 44114-1291, for plaintiff-appellee

James R. Douglass Co., LPA, Marc E. Dann, Grace M. Doberdruk, James R. Douglass, P.O. Box 6031040, 4600 Prospect Avenue, Cleveland, Ohio 44103, for defendants-appellants

**M. POWELL, J.**

{¶ 1} Defendants-appellants, Rebecca K. Reaves and Ronald Reaves, appeal from a

decision of the Clermont County Court of Common Pleas granting summary judgment and a decree of foreclosure in favor of plaintiff-appellee, Wells Fargo Bank, N.A. as Trustee for Wamu Mortgage Pass through Certificates Series 2005-PR2 Trust (Wells Fargo).  For the reasons discussed below, we affirm the decision of the trial court.

{¶ 2}  It is uncontroverted that on or about January 14, 2005, Rebecca K. Reaves executed a promissory note in the amount of $175,000 payable to Washington Mutual Bank, F.A.  The note was secured by a mortgage deed executed by Rebecca K. Reaves and her husband, Ronald Reaves, in favor of Washington Mutual Bank, F.A.  The mortgage was recorded in the county recorder's office.

{¶ 3}  On May 30, 2012, Wells Fargo filed a complaint in foreclosure.  Within the complaint, Wells Fargo stated that Rebecca K. Reaves executed a note that was attached to the complaint.  A copy of the mortgage executed in connection with the note was also attached along with an assignment of mortgage from Washington Mutual Bank, F.A. to Wells Fargo.  Wells Fargo alleged that the note and mortgage were in default and that it had satisfied all conditions precedent.  Furthermore, Wells Fargo averred that it was entitled to enforce the note pursuant to R.C. 1303.31 and that the principal amount due was $177,777.49, plus interest at a variable rate from July 1, 2011.

{¶ 4}  On October 4, 2013, Wells Fargo moved for summary judgment and default judgment.  In support of its motion, Wells Fargo attached an affidavit of Samuel B. Muller, a vice president of JPMorgan Chase Bank, National Association (Chase).  Muller averred that Chase was a servicer and agent for Wells Fargo regarding a note executed by Rebecca K. Reaves and secured by a mortgage.  Muller alleged that the note and mortgage were in default.  Muller referenced the documents attached to the affidavit, including a note, mortgage, assignment of mortgage, payment history, and notice of default.  Within the affidavit, Muller averred that he made the affidavit based on his review of Chase's business

records and that Wells Fargo, directly or through its agent, was in possession of the original note prior to the filing of the complaint.

{¶ 5} On October 18, 2013, the Reaves filed a memorandum in opposition to Wells Fargo's summary judgment motion. On November 4, 2013, a significant time after the filing of the complaint, the Reaves filed a motion for leave to file an answer instanter, which was denied by the trial court. As the motion made by Wells Fargo was couched in Civ.R. 56 language, the trial court granted summary judgment and a decree of foreclosure in favor of Wells Fargo as opposed to granting a default judgment. It is from the grant of summary judgment and decree of foreclosure the Reaves now appeal, and assert one assignment of error for review:

{¶ 6} THE TRIAL COURT ERRED WHEN IT GRANTED SUMMARY JUDGMENT TO [WELLS FARGO] WHEN [WELLS FARGO] FAILED TO SUPPORT THE MOTION FOR SUMMARY JUDGMENT WITH EVIDENTIARY QUALITY MATERIALS PURSUANT TO CIVIL RULE 56.

{¶ 7} The Reaves argue that Muller's affidavit was not based on personal knowledge because he was an employee of Chase and therefore could not personally know what documents Wells Fargo had in its possession. As such, the Reaves assert that Wells Fargo failed to present "evidentiary-quality" materials because Muller's affidavit was the only evidence that Wells Fargo physically possessed the note. Consequently, the Reaves assert that the note could not be considered for summary judgment purposes. Furthermore, the Reaves assert that if Wells Fargo properly established that it is the holder of the note and there had been a default in payment, Wells Fargo failed to establish damages because there was no account meeting certain requirements, such as showing a beginning balance of zero. However, the Reaves fail to address the consequence of their failure to file an answer to the complaint.

{¶ 8} This court's review of a trial court's ruling on a summary judgment motion is de novo. *Lindsay P. v. Towne Properties Asset Mgt. Co., Ltd.*, 12th Dist. Butler No. CA2012-11-215, 2013-Ohio-4124, ¶ 16. Civ.R. 56 sets forth the summary judgment standard and requires for summary judgment that (1) there be no genuine issues of material fact to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to only one conclusion being adverse to the nonmoving party. *Slowey v. Midland Acres, Inc.*, 12th Dist. Fayette No. CA2007-08-030, 2008-Ohio-3077, ¶ 8. The moving party has the burden of demonstrating that there is no genuine issue of material fact. *Harless v. Willis Day Warehousing Co.*, 54 Ohio St.2d 64, 66 (1978).

{¶ 9} The nonmoving party "may not rest on the mere allegations of his pleading, but his response, by affidavit or as otherwise provided in Civ.R. 56, must set forth specific facts showing the existence of a genuine triable issue." *Mootispaw v. Eckstein*, 76 Ohio St.3d 383, 385 (1996). A dispute of fact can be considered "material" if it affects the outcome of the litigation. *Myers v. Jamar Ents.*, 12th Dist. Clermont No. CA2001-06-056, 2001 WL 1567352,*2 (Dec. 10, 2001). A dispute of fact can be considered "genuine" if it is supported by substantial evidence that exceeds the allegations in the complaint. *Id.*

{¶ 10} Specifically, as to foreclosure claims, "[a] party seeking to foreclose on a mortgage must establish execution and delivery of the note and mortgage; valid recording of the mortgage; it is the current holder of the note and mortgage; default; and the amount owed." *Fifth Third Mtge. Co. v. Bell*, 12th Dist. Madison No. CA2013-02-003, 2013-Ohio-3678, ¶ 25, citing *BAC Home Loans Servicing, L.P. v. Kolenich*, 194 Ohio App.3d 777, 2011-Ohio-3345, ¶ 26 (12th Dist.).

{¶ 11} Civ.R. 56(C) provides an exclusive list of materials that a trial court may consider when deciding a motion for summary judgment. *Wells Fargo Bank v. Smith*, 12th Dist. Brown No. CA2012-04-006, 2013-Ohio-855, ¶ 15. Those materials are "pleadings,

depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact." Civ.R. 56(C). "[A] party may properly introduce evidence not specifically authorized by Civ.R. 56(C) by incorporating it by reference through a properly framed affidavit pursuant to Civ.R. 56(E)." *Wilson v. AIG*, 12th Dist. Butler No. CA2007-11-278, 2008-Ohio-5211, ¶ 29.

{¶ 12} According to Civ.R. 56(E), affidavits supporting motions for summary judgment must be made on personal knowledge. Personal knowledge is defined as "knowledge of the truth in regard to a particular fact or allegation, which is original and does not depend on information or hearsay." *Bank of America, N.A. v. Jackson*, 12th Dist. Warren No. CA2014-01-018, 2014-Ohio-2480, ¶ 10.

{¶ 13} Nevertheless, we do not need to address the Reaves' argument regarding whether Muller illustrated the requisite personal knowledge in his affidavit in order to authenticate the note because the Reaves did not file an answer. Civ.R. 8(D) provides:

> Averments in a pleading to which a responsive pleading is required, other than those as to the amount of damage, are admitted when not denied in the responsive pleading. Averments in a pleading to which no responsive pleading is required or permitted shall be taken as denied or avoided.

When a party fails to file an answer a court is correct to rely on Civ.R. 8(D) to treat the allegations contained in the plaintiff's complaint as admitted, obviating the need to prove such facts. *Wells Fargo Bank, N.A. v. Murphy*, 7th Dist. Mahoning No. 13 MA 35, 2014-Ohio-2937, ¶ 14; *Burdge v. On Guard Security Servs., Inc.*, 1st Dist. Hamilton No. C-050522, 2006-Ohio-2092, ¶ 7. Furthermore, according to Civ.R. 10(C), "[a] copy of any written instrument attached to a pleading is a part of the pleading for all purposes."

{¶ 14} In this instance, the Reaves did not file an answer to Wells Fargo's complaint, and therefore, the averments contained within are admitted. In the complaint, Wells Fargo averred that Rebecca K. Reaves executed the promissory note that was attached to the

- 5 -

complaint along with the mortgage that was executed in connection with the note. The complaint further averred that the note and mortgage were in default and that Wells Fargo was entitled to enforce the note pursuant to R.C. 1303.31. Because the Reaves did not deny the allegations that Rebecca executed the promissory note and that a copy of the note was attached to the complaint, those allegations are admitted as fact. Consequently, any deficiency in Muller's affidavit regarding authentication of the note is irrelevant as the above averments are admitted as fact and the pleadings are proper for a court to consider under Civ.R. 56(C). *See Am. Savs. Bank v. Wrage*, 4th Dist. Scioto No. 13CA3566, 2014-Ohio-2168, ¶ 19.

{¶ 15} Additionally, the amount due on the note is also proved through Wells Fargo's complaint. Even though Civ.R. 8(D) excludes damages as admitted, damages for the purpose of Civ.R. 8(D) do not include an amount alleged in a complaint to be due and unpaid on a promissory note. *CitiMortgage, Inc. v. Booth*, 10th Dist. Franklin No. 11AP-584, 2012-Ohio-1419, ¶ 13. In such an instance, because where the promissory note is the claimed basis for the action and is attached to the complaint, the underlying contract has been proved and submitted. *Capital One Bank (USA), N.A. v. Heidebrink*, 6th Dist. Ottawa No. OT-08-049, 2009-Ohio-2931, ¶ 44; *see Fed. Home Loan Mtge. Corp. v. Koch*, 11th Dist. Geauga No. 2012-G-3084, 2013-Ohio-4423, ¶ 45 (proof of damages is not necessary in default proceedings when the underlying claim is predicated upon an alleged breach of a promissory note). Wells Fargo averred in its complaint that the principal amount due was $177,777.49, plus interest at a variable rate from July 1, 2011. Accordingly, the amount due on the note included in the complaint was also admitted as true when the Reaves failed to file an answer.

{¶ 16} In light of the foregoing, because the Reaves admitted the allegations of the complaint as true when they failed to file an answer and pleadings may be considered for the purposes of summary judgment, it was proper for the trial court to grant summary judgment

and a decree of foreclosure in favor of Wells Fargo.  The Reaves' sole assignment of error is overruled.

{¶ 17} Judgment affirmed.

S. POWELL, P.J., and PIPER, J., concur.