[Cite as *Discover Bank v. Swartz*, 2016-Ohio-2751.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MONTGOMERY COUNTY**

DISCOVER BANK                                          :

                                     :      Appellate Case No. 26910

        Plaintiff-Appellee             :

                                       :      Trial Court Case No. 2015-CV-1996

v.                                     :

                                       :      (Civil Appeal from

JAMES F. SWARTZ               :       Montgomery County Common Pleas)

                                       :

        Defendant-Appellant       :

                                       :

. . . . . . . . . . .

O P I N I O N

Rendered on the 29th day of April, 2016.

. . . . . . . . . . .

SCOTT COLLISTER, Atty. Reg. No. 0071335, and ROBERT HENGGE, Atty. Reg. No. 0090280, Discover Bank, 2300 Litton Lane, Suite 200, Hebron, Kentucky, 41048
      Attorney for Plaintiff-Appellee

JAMES F. SWARTZ, 508 Peachcreek Rd., Dayton, Ohio 45458
      Defendant-Appellant, *pro se*

. . . . . . . . . . . .

FAIN, J.

{¶ 1} Defendant-appellant James F. Swartz appeals, pro se, from a judgment

rendered against him by the Montgomery County Common Pleas Court, in favor of plaintiff-appellee Discover Bank. Swartz has not identified any specific assignments of error, but argues that the trial court erred in granting Discover Bank's motion for judgment on the pleadings. Discover Bank asserts that the pleadings sufficiently established the amount due on the contract. We conclude that Discover Bank's motion for judgment on the pleadings did not establish that it was entitled to judgment. Therefore, the judgment is Reversed, and this cause is Remanded for further proceedings.

## I. Debtor Defaults on Credit Card Obligation

{¶ 2} Based on the attachments to the original complaint, it appears that Swartz and his wife, Susan Swartz, were credit card members of Discover Bank since 1995. Susan Swartz is not a named party to this action. The complaint alleges that Swartz defaulted on his credit card agreement by failing to make the required payments when due, and that he owes a balance of $20,938.91. The complaint does not identify the date of default, and does not make a demand for interest. A document attached to the complaint identifies that for the month between October 24, 2014 and November 23, 2014, Swartz's account was assessed a monthly late fee of $35.00, an interest charge of $177.19, at the rate of 18.99% on purchases totaling $10,985.50, and an additional interest charge of $247.02, at the rate of 29.99% on cash advances totaling $9,698.69. The documents do not identify when any of the purchases were made, when any cash advance was made, or when the last payment was made. The document reveals that Swartz was charged a total of $4,147.83 for interest charges, and a total of $245.00 in fees, for the year 2014. A document purporting to be the cardmember agreement

between Discover Bank and Swartz is also attached to the complaint, but it does not contain a signature of Swartz or his wife.

{¶ 3} In a pro se answer, Swartz alleges that he and his wife are now living on limited social security income, and cannot afford to repay the balance owed to Discover Bank. In a pleading labeled REPLY to Summons, Swartz states:

Count one, 3-8

DEFENDANT: James F. Swartz filed for debt relief April 2014 with Freedom Debt Relief with honest intent to settle with Discover Card Bank, Account ending in [****,] etc. Please see Exhibits A and B attached, showing total indebtedness of $20,938.91.

Defendant and spouse found themselves in a situation that did not make it possible to cover debt due to unexpected medical bills with only Social Security income. Defendant is sole documented caretaker of spouse who is wheelchair/bedridden via Dr. Aaron Hanshaw, D.O., 8940 Kingsridge Drive, Suite 103, Dayton, Ohio 45458.

Contact FREEDOM FINANCIAL as outlined under Representative for James Favinger Swartz on PAGE 1.

Count Two, 9-14

Defendant, James F. Swartz did not use Discover Bank, Plaintiff, with intentions of not paying debt. Unusual circumstances medical and unexpected circumstances lead defendant to file for Debt Relief with Freedom Financial Debt Relief in the amount of $20,938.91.

Dkt. #14.

**{¶ 4}** Even though the answer refers to attachments, no documents were attached to Swartz's initial answer. After the answer was filed, Discover Bank moved for judgment on the pleadings, asserting that Swartz's answer did not dispute the debt or the amount of the debt, or deny any allegation in the complaint. In response to the motion for judgment on the pleadings, Swartz filed a reply to the motion, again asserting that he could not afford to pay the debt.

**{¶ 5}** Swartz's reply to the motion for judgment on the pleadings attached several documents, including two documents labeled Exhibits A and B, which appear to be a portion of the same documents that were attached to Discover Bank's complaint. Exhibit A is the two-page account summary listing a balance due of $20,938.91, and the amount of the interest and fee charges for 2014, and Exhibit B is a copy of the first page of the cardholder agreement. Also attached to the reply are two documents evidencing the amount of social security income received by Swartz and his wife.

**{¶ 6}** The copy of the cardmember agreement, Exhibit B, attached to the complaint, contains 25 pages of contract terms, including a choice-of-law provision that states as follows:

> Governing Law: This Agreement and any claim or dispute arising out of this
> Agreement will be governed by applicable federal law, and to the extent
> state law applies, Delaware law.

Dkt. 1, Exhibit B, pg. 14.

**{¶ 7}** The cardmember agreement also contains three provisions regarding the annual interest rate owed on accounts as follows:

> **Annual Interest Rate**: The daily periodic rate and corresponding APR that

apply to each transaction category are set forth in your Pricing Schedule. The daily periodic rate is 1/365th of the corresponding APR.

**Variable Interest Rates**. One or more daily periodic rates and corresponding APRs that apply to a transaction category may be variable rates as set forth in your Pricing Schedule or in any special offers you receive from us. Variable APRs are determined by adding a specified number of percentage points to the Prime Rate. This is shown on the Pricing Schedule as "Prime + (percentage points)" For purposes of this Agreement, the Prime Rate is the highest rate of interest listed as the "prime rate" in the Money Rates section of the Wall Street Journal on the last business day of the month. The Prime Rate is merely a pricing index and does not represent the lowest or best rate available to a borrower at any bank at any given time. If you have a variable rate, your APR will increase or decrease when the Prime Rate changes. This change will be effective beginning with the first day of the billing period that begins during the same calendar month as the change in the Prime Rate. An increase in the APR may increase your Minimum Payment Due.

**Penalty APR**. Each time that you do not make the Minimum Payment Due by the Payment Due Date we may, in accordance with applicable law:

(i) terminate the availability of promotional APRs on new purchases and balance transfers; and

(ii) increase your APRs for new purchases and balance transfers to variable Penalty APRs.

Each new variable Penalty APR for a new purchase or balance transfer is determined by adding up to 5 additional percentage points to the otherwise applicable APR and will vary based on any changes in the Prime Rate. (For example, if the promotional purchase rate was 2.99% and the rate for other purchases was 15.99% and you paid late once, the rate for all new purchases would increase up to 20.99% variable and vary thereafter with the Prime Rate). When we first determine the variable Penalty APRs, we use the Prime Rate Effective for the billing period in which you pay late. The variable Penalty APRs are determined in accordance with the Variable Interest Rate Section. We will base your Penalty APR on your creditworthiness and other factors such as your current APRs and your Account History. If we increase any of your APRs to a Penalty APR, we will send you a notice, in accordance with applicable law, advising of (i) the date the new Penalty APR will apply (the "Penalty APR Effective Date") and (ii) the new purchase and balance transfers to which it will be applied. (Note: the new Penalty APR will not apply to any other transactions). New purchases and balance transfers are those purchases and balance transfers which either (i) have a Transaction date, as shown on your billing statement, of more than fourteen days after we mail or deliver the notice to you, or (ii) were posted to your Account after the current Penalty APR Effective Date. Your account will not be subject to a Penalty APR for the first twelve billing periods after your Account is first opened.

Dkt. 1, Exhibit B, pg. 8.

**{¶ 8}** The cardmember agreement also contains a provision regarding the adjustment for excessive interest rate charges as follows:

**Compliance with Interest Rate Limitations**:

We intend that this Agreement will comply with applicable interest rate limitations. You will not be required to pay interest charges at a rate that is greater than the maximum amount permitted by law. If it is ever finally determined that, but for this section, the Interest Charges or other charges under this agreement would exceed the maximum lawful amount, the Interest charges and other charges will be reduced to the maximum lawful amount. Any excess amount that you have already paid will be used to reduce the outstanding balance of your Account or will be refunded to you by means of a check in our discretion.

Dkt. 1, Exhibit B, pg. 14.

**{¶ 9}** In its motion for judgment on the pleadings, Discover Bank does not raise the application of Delaware law, or identify whether its contract claim should be determined by Ohio law, Delaware law, or federal law. The attachment to the complaint does not contain a Pricing Schedule identifying the beginning APR rate or the default rate. No document contains the signature of Swartz or his wife. None of the attachments shows the date or amount of any purchases or cash advances, or any payments made by Swartz. None of the documents shows the date of default. Discover Bank did not provide a copy of any notice sent to Swartz regarding the "Penalty APR Effective Date," as required by the terms of the contract. The trial court granted the motion for judgment on the pleadings, applying Ohio law, finding that Discover Bank was entitled to judgment as

a matter of law. From the judgment rendered against him for the sum of $20,939.91, Swartz appeals.

{¶ 10}   After the appeal was filed, Discover Bank did not initially file an appellate brief. However, after we issued an entry allowing the parties to file supplemental briefs to address the issue of damages, Discover Bank filed a brief and attached an affidavit, not filed or considered by the trial court.

## II. The Standard of Review

{¶ 11}   "A motion for judgment on the pleadings pursuant to Civ.R. 12(C) presents only questions of law, and the standard of review is de novo." *Inskeep v. Burton*, 2d Dist. Champaign No. 2007 CA 11, 2008-Ohio-1982, ¶ 7, citing *Dearth v. Stanley*, 2d Dist. Montgomery No. 22180, 2008-Ohio-487. *See also Offill v. State Farm Fire & Cas. Co.,* 2d Dist. Montgomery No. 25079, 2012-Ohio-6225, ¶ 14.

{¶ 12} The construction of a written contract is a matter of law for the trial court to determine. *Alexander v. Buckeye Pipe Line Co.,* 53 Ohio St.2d 241, 374 N.E.2d 146 (1978), paragraph one of the syllabus.   Because the interpretation of written contracts is a question of law, we review them de novo on appeal. *Sauer v. Crews,* 10th Dist. Franklin No. 12AP-320, 2012-Ohio-6257, ¶ 11.

{¶ 13} De novo review requires an "independent review of the trial court's decision without any deference to the trial court's determination." *Jackson v. Internatl. Fiber*, 169 Ohio App.3d 395, 2006-Ohio-5799, 863 N.E.2d 189, ¶ 17 (2d Dist.), quoting *State ex rel. AFSCME v. Taft*, 156 Ohio App.3d 37, 2004-Ohio-493, 804 N.E.2d 88, ¶ 27 (3d Dist).

### III. The Trial Court Erred by Rendering Judgment on the Pleadings without Sufficient Proof of Damages

{¶ 14}  We construe the allegations in Swartz's pro se brief as an assignment of error that the trial court erred in rendering judgment on the pleadings. Civ. R. 12(C) provides, "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." "Determination of a motion for judgment on the pleadings is restricted solely to the allegations in the pleadings and any writings attached to the complaint." *Offill v. State Farm Fire & Cas. Co.*, 2d Dist. Montgomery No. 25079, 2012-Ohio-6225, ¶ 14, citing *Peterson v. Teodosio*, 34 Ohio St.2d 161, 165, 297 N.E.2d 113 (1973).  "A motion for judgment on the pleadings is proper when only questions of law are presented; the determination of the motion is restricted solely to the allegations of the pleadings. The trial court may grant a judgment on the pleadings where no material factual issue exists and one party is entitled to a judgment in his favor as a matter of law." (Internal citations omitted.) *Vaught v. Vaught*, 2 Ohio App.3d 264, 265, 441 N.E.2d 811 (12th Dist.1981).

{¶ 15}  "A suit regarding a credit card balance is 'founded upon contract and thus a plaintiff must prove the necessary elements of a contract action.' "  *Am. Express Centurian Bank v. Banaie*, 7th Dist. Mahoning No. 10 MA 9, 2010-Ohio-6503, ¶ 11, citing *Capital One Bank (USA), N.A. v. Heidebrink*, 6th Dist. Ottawa No. OT-08-049, 2009-Ohio-2931, ¶ 29, quoting *Gabriele v. Reagan,* 57 Ohio App.3d 84, 85, 566 N.E.2d 684 (12th Dist. 1988). The elements of a breach of contract claim are:   1) the existence of a contract between the parties; 2) performance by the plaintiff; 3) breach by the defendant; and 4) damage or loss to the plaintiff. *Doner v. Snapp*, 98 Ohio App.3d 597, 600, 649 N.E.2d 42

(2d Dist.1994).

{¶ 16} In the case before us, Discover Bank alleged in its complaint that the parties entered into an agreement for the extension of credit and that the terms of the agreement are identified in the document attached as Exhibit B. The contract states that the agreement is governed by federal law and the law of the state of Delaware. The Complaint states that Discover Bank is "an FDIC insured Delaware State Bank." Interest rates for state chartered banks are generally governed by state law. Delaware law provides that for a revolving credit plan a bank may charge any periodic rate that the agreement specifies, which may include variable rates in accordance with a schedule or formula. Del. Code Ann., Title 5, §§ 943 & 944. Under R.C. 1343.03(A), Ohio law allows for the recovery of interest, at the contract rate, from the date the money becomes due and payable, or at the rate allowed by R.C. 5703.47 for money due on an account, which is limited to 3% plus the federal short term rate, as determined by the tax commissioner each year. "In contractual choice-of-law situations, the law of the chosen state is applied to resolve the substantive issues in the case, while the law of the forum state will govern procedural matters." *Citibank (S. Dakota), N.A. v. Perz*, 191 Ohio App.3d 575, 2010-Ohio-5890, 947 N.E.2d 191, ¶ 28 (6th Dist.), citing *Burns v. Prudential Secs., Inc.,* 167 Ohio App.3d 809, 2006-Ohio-3550, 857 N.E.2d 621, ¶ 16, fn. 5 (3d Dist.); *White v. Crown Equip. Corp.,* 160 Ohio App.3d 503, 2005-Ohio-1785, 827 N.E.2d 859, ¶ 13 (3d Dist.). The court in *Perz* did not apply the choice-of-law provision in the credit card contract because the bank failed to present sufficient proof that the cardholder agreement attached to the complaint was the actual agreement with the defendant. *Id.* at ¶ 30-32.

We have held that statutes of limitation are procedural laws and therefore, we look to Ohio law to determine the applicable limitation period. *Boulder Capital Group, Inc. v. Lawson*, 2d Dist. Clark No. 2014-CA-58, 2014-Ohio-5797, ¶ 12.[1] However, the applicable interest rate is based on substantive law, and is essential to the determination of damages.

**{¶ 17}** In its motion for judgment on the pleadings, Discover Bank contends that Swartz has admitted the amount owed on the credit card account, by his failure to deny the allegation in the complaint. However, Discover Bank may not rely solely on Swartz's failure to admit the amount due. Pursuant to Civ. R. 8(D) "[a]verments in a pleading to which a responsive pleading is required, *other than those as to the amount of damage,* are admitted when not denied in the responsive pleading." (Emphasis added.) We acknowledge that some courts have found that the exception within Civ. R. 8(D) for the admission of damages is inapplicable to actions seeking money based on a default on a promissory note. *See, e.g.*, *CitiMortgage, Inc. v. Booth,* 10th Dist. Franklin No. 11AP-584, 2012-Ohio-1419, ¶ 13; *Wells Fargo Bank, N.A. v. Reaves*, 12th Dist. Clermont No. CA2014-01-015, 2014-Ohio-3556, ¶ 15. However, the action before us is not based on a promissory note. The court in *Capital One Bank (USA), N.A. v. Heidebrink*, 6th Dist. Ottawa No. OT-08-049, 2009-Ohio-2931, explained the difference between credit card accounts and promissory notes as follows:

---

[1] The issue of whether Ohio's Borrowing Statute, R.C. 2305.03(B), applies to choice-of-law provisions in credit card contracts is pending before the Supreme Court of Ohio in *Jarvis v. First Resolution Investment Corp,* 9th Dist. Summit No. CA26042, 2012-Ohio-5653, 983 N.E.2d 380, *appeal accepted for review*, 135 Ohio St. 3d 1412, 2013-Ohio-1622, 986 N.E.2d 29.

Where a promissory note is the claimed basis for the action on an account, and the note is attached to the complaint, the underlying contract has also been proved and submitted pursuant to Civ.R. 10(D). A promissory note is "an instrument that evidences a promise to pay a monetary obligation * * *." R.C. 1309.102(A)(65). It is a "negotiable instrument or any other writing that evidences a right to the payment of a monetary obligation * * *." R.C. 1309.102(A)(47)(a). A promissory note is a separate, enforceable contract. *Metropolitan Life Ins. v. Triskett Illinois, Inc.* (1994), 97 Ohio App.3d 228, 234, 646 N.E.2d 528. The class of instruments, including promissory notes, specifically excludes "writings that evidence a right to payment arising out of the use of a credit or charge card or information contained on or for use with the card." R.C. 1309.102(A)(47)(b). In contrast, monthly statements of credit card accounts do not demonstrate the underlying contract or agreed-upon terms. Thus, the amount prayed for in a complaint in an action on an account must be proved * * *

*Id.* at ¶¶ 43-44.

{¶ 18} We acknowledge that a creditor could incorporate sufficient allegations in its complaint to establish that the amount due constitutes "liquidated damages," if "the amount can be determined with exactness from the agreement between the parties or by an arithmetical process or by the application of definite rules of law." *L.S. Industries v. Coe,* 9th Dist. Summit No. 22603, 2005-Ohio-6736, ¶ 22. In the case before us,

documents attached to the complaint raise numerous issues that affect the calculation of damages, including variable interest rates, late fees, the date of the default, and the proper rate of interest to be applied after the date of default. We conclude that the damages sought by Discover Bank are not liquidated damages, because the exact amount due cannot be "determined with exactness from the agreement between the parties or by an arithmetical process or by the application of definite rules of law." To grant a judgment on the pleadings for a specific amount due on an account, the amount due must be capable of mathematical verification from the documents attached to the complaint or answer, before it can be concluded that there is no material issue of fact regarding the exact amount due.

{¶ 19} We have recognized that when deciding a motion for judgment on the pleadings, the court only considers pleadings, defined by Civ. R. 7(A) as the complaint, answer, reply to a counterclaim, answer to a cross-claim, third-party complaint, and a third-party answer. *State ex rel. Vandenbos v. Xenia*, 2d Dist. Greene No. 14-CA-14, 2015-Ohio-35, ¶ 12, *citing State ex rel. Midwest Pride IV, Inc. v. Pontious,* 75 Ohio St. 3d 565, 570, 664 N.E. 2d 931 (1996). Therefore, an affidavit filed subsequently to the complaint is not to be considered in ruling on a motion for judgment on the pleadings. The affidavit, filed by Discover Bank with its appellate brief, is not part of the record on appeal, as provided by App. R. 9(A). "An appellate court may not consider materials that were not a part of the trial court's record of proceedings." *In re Estate of Southard*, 192 Ohio App.3d 590, 2011-Ohio-836, 949 N.E.2d 1049, ¶ 16 (10th Dist.), citing *State v. Ishmail*, 54 Ohio St.2d 402, 377 N.E.2d 500 (1978), paragraph 1 of the syllabus. Therefore, we cannot consider the affidavit submitted by Discover Bank with its appellate brief.

{¶ 20} The documents attached to the complaint by Discover Bank do not establish the date of the default, or the contractual rate of interest.   The date of the default is a material issue of fact in determining an award of interest. Regarding the amount of interest due on an account, we have recognized that a court has no discretion but to award prejudgment interest under R.C. 1343.03(A), which allows for the recovery of interest, at the contract rate, from the date the money becomes due and payable. *Miami Valley Hospital v. Edwards*, 2d Dist. Darke No. 07-CA-1717, 2008-Ohio-2721, ¶ 12. We held that since "the right to prejudgment interest is a matter of law, the amount awarded is based on the court's factual determination of an accrual date and interest rate." *Id.* at ¶ 16. When the trial court in *Edwards* failed to award prejudgment interest, we reversed and remanded for the trial court to make factual findings concerning when the account became due and payable, and the legal rate of interest that should be applied. *Id.* at ¶ 17. Accordingly, to prevail on its motion for judgment on the pleadings, Discover Bank should have established that there was no dispute regarding the date the account became due and payable, and the legal rate of interest that should be applied before and after the default.

{¶ 21} Discover Bank's complaint presents two claims for relief, one based on the contract and the second based on an account. To proceed to judgment on its second claim for relief, when no written agreement is established, we have held that "[t]o establish the amount due on the account, a plaintiff must prove '(1) a beginning balance (zero, or a sum that can qualify as an account stated, or some other provable sum); (2) listed items, or an item, dated and identifiable by number or otherwise, representing charges, or debits, and credits; and (3) a summarization by means of a running or developing balance, or an

arrangement of beginning balance and items which permits the calculation of the amount claimed to be due.' " *Discover Bank v. Pierce*, 2d Dist. Montgomery No. 25755, 2014-Ohio-625, ¶ 17, citing *Discover Bank c/o DFS Servs. LLC v. Lammers,* 2d Dist. Greene No. 08 CA 85, 2009-Ohio-3516, ¶ 20. Other appellate courts have required the same standard of proof for creditors seeking judgment on an account. *Retail Recovery Serv. of NJ v. Conley*, 3d Dist. Mercer No. 10-09-15, 2010-Ohio-1256, ¶20; *Capital One Bank v. Toney,* 7th Dist. Jefferson No. 06-JE-28, 2007-Ohio-1571, ¶34; *Capital One Bank (USA), N.A. v. Heidebrink,* 6th Dist. Ottawa No. 0T-08-049, 2009-Ohio-2931, ¶28; *Worldwide Asset Purchasing, LLC v. Sandoval,* 5th Dist. Stark No. 2007-CA-00159, 2008-Ohio-6343, ¶¶ 26-27. In the case before us, Discover Bank did not attach to its complaint any monthly billing statements that contain any history of charges, debits or credits, or any summary of the account that would permit verification of the amount due. Without a history of the account, a court cannot verify whether the amount due is based on the statutory or contractual rate of interest. We have held that that a genuine issue of material fact exists where the documents in the record show varying interest rates, even where the plaintiff-creditor seeks to recover the lowest, or less than the lowest, interest rate. *Unifund CCR Partners Assignee of Palisades Collection, LLC v. Hemm,* 2d Dist. Miami No. 08-CA-36, 2009-Ohio-3522*,* ¶16.

{¶ 22} For actions seeking money due on an account, the Supreme Court of Ohio has declared that the creditor may only seek interest on the account at the rate provided by statute, when the creditor is unable to produce a written, signed contract evidencing the debtor's assent to a contractual rate of interest. *Minster Farmers Coop. Exchange Co. v. Meyer*, 117 Ohio St.3d 459, 2008-Ohio-1259, 884 N.E.2d 1056 ¶ 29 (2008).

Subsequent to the *Minster Farmers* decision, the Third and Sixth Appellate Districts have applied the holding of the Supreme Court to credit card collection cases, and have concluded that when the creditor's documents fail to demonstrate the parties' assent to a specific interest rate and to the imposition of late fees or over-the-limit fees, then a genuine issue of fact remains as to the balance owed on the account. *Retail Recovery Serv. of NJ v. Conley*, 3rd Dist. Mercer No. 10-09-15, 2010-Ohio-1256, ¶ 20; *Capital One Bank (USA), N.A. v. Heidebrink,* 6th Dist. Ottawa No. 0T-08-049, 2009-Ohio-2931, ¶ 28.

**{¶ 23}** Since Discover Bank is attempting to collect on an account applying a variable rate that may have exceeded the statutory rate set either by Ohio or Delaware law, and applied late fees to which the debtor may not have assented, it has not established that it is entitled to judgment as a matter of law. Upon remand, the trial court will need to determine whether Delaware or Ohio law should be applied to verify the applicable interest rates.

**{¶ 24}** For the reasons explained above, the documents presented by Discover Bank in its pleadings do not establish, to any degree of mathematical certainty, the amount of money due on the account. Therefore, we conclude that Discover Bank has not established that it is entitled to judgment on the pleadings. The judgment of the trial court must be Reversed.

## IV. Conclusion

**{¶ 25}** Error having been found in the trial court's judgment on the pleadings, the judgment of the trial court is Reversed, and this cause is Remanded for further proceedings, consistent with this opinion.

. . . . . . . . . . . . .

DONOVAN, P.J., and FROELICH, J., concur.


Copies mailed to:

Robert Hengge
Scott Collister
James F. Swartz
Hon. Richard Skelton