[Cite as *Discover Bank v. Hinders*, 2026-Ohio-483.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

| | | |
|---|---|---|
| DISCOVER BANK | : | |
| | : | C.A. No. 30571 |
| Appellee | : | |
| | : | Trial Court Case No. 2025 CV 02350 |
| v. | : | |
| | : | (Civil Appeal from Common Pleas |
| CHELCIE HINDERS | : | Court) |
| | : | |
| Appellant | : | **FINAL JUDGMENT ENTRY &** |
| | : | **OPINION** |

. . . . . . . . . . .

Pursuant to the opinion of this court rendered on February 13, 2026, the judgment of the trial court is reversed and remanded to the trial court.

Costs to be paid as stated in App.R. 24.

Pursuant to Ohio App.R. 30(A), the clerk of the court of appeals shall immediately serve notice of this judgment upon all parties and make a note in the docket of the service. Additionally, pursuant to App.R. 27, the clerk of the court of appeals shall send a certified copy of this judgment, which constitutes a mandate, to the clerk of the trial court and note the service on the appellate docket.

For the court,

*Mary K. Huffman*

MARY K. HUFFMAN, JUDGE

LEWIS, P.J., and TUCKER, J., concur.

CHELCIE HINDERS, Appellant, Pro Se
DAVID MULLEN, Attorney for Appellee

HUFFMAN, J.

{¶ 1} Defendant-appellant Chelcie Hinders appeals the trial court's summary judgment in favor of plaintiff-appellee Discover Bank's action to collect a credit card debt. Because evidentiary documents submitted to support Discover Bank's summary judgment motion were not properly authenticated, we reverse and remand this matter to the trial court.

{¶ 2} In April 2025, Discover Bank commenced this debt collection action against Hinders, alleging that she breached the terms and conditions of her credit card agreement by failing to pay the $7,700.47 balance due as agreed.

{¶ 3} In May 2025, Discover moved for summary judgment and submitted several documents in support, including a cardmember agreement (Plaintiff's Ex. A) and several monthly account statements: 04/13/2023–05/12/2023, showing a balance due of $6,677.63; 05/13/2023–06/12/2023; 06/13/2023–07/12/2023; 07/13/2023–08/12/2023; 09/13/2023–10/12/2023; 10/13/2023–11/12/2023; 11/13/2023–12/12/2023; 12/13/2023–01/12/2024; 01/13/2024–02/12/2024; 02/13/2024–03/12/2024; 03/13/2024–04/12/2024; and 04/13/2024–04/30/2024, showing a final balance due of $7,700.47 (which was internally charged off).

{¶ 4} As additional support for its motion for summary judgment, Discover Bank submitted an affidavit from Priscilla QuarteyPapafio, a litigation support coordinator for Discover. Plaintiff's Ex. C. In her affidavit, QuarteyPapafio stated that Discover Bank was responsible for interacting with Discover Card account holders to accept payments and perform servicing activities on Discover Card accounts; that she made the affidavit based

on her personal knowledge and review of documents held by Discover Bank; that her affidavit was submitted in support of the "Plaintiff's suit on account against the Cardmember(s)"; that she had knowledge about and access to records regarding "the Discover Card account of the above referenced Cardmember(s)"; that the records were maintained in the ordinary course of business and were updated with information on events (such as charges and payments on the account) by individuals with personal knowledge of those events or by automated processes that track such events at or near the time that the events occur; that she personally inspected the records "pertaining to the account of the Cardmember(s), including the last periodic statement sent to the Cardmember(s), to ascertain the applicable terms and conditions, the balance due on said account and whether the Cardmember(s) have made payments on that balance"; that the account was in default "because the Cardmember(s) have not paid the amounts due and owing" on the account; and that Exhibit A was a true and accurate copy of the last period statement sent "to the Cardmember(s), retrieved from the record-keeping system described above, and shows the amount that is now due and owing Discover Bank on the account." We note, however, that "Exhibit A" was the cardmember agreement, not a periodic billing statement, and the abovementioned monthly account statements were not otherwise incorporated into the affidavit by reference.

{¶ 5} Hinders did not oppose Discover Bank's motion for summary judgment but rather filed her own pro se motion for summary judgment. In her motion, she requested dismissal of Discover's claims but submitted no evidence in support. Instead, she sought an extension of time to provide evidentiary materials if the court required supplementary evidence. Discover Bank opposed her motion, pointing out that Hinders failed to submit any

evidence in support of her motion and arguing that she therefore failed to satisfy her burden of proof.

{¶ 6} The trial court overruled Hinders's motion and granted summary judgment in favor of Discover Bank. The court found that based on the evidence, Discover had satisfied its burden of proof on its claim and that Hinders had not met her burden.

{¶ 7} Hinders appealed pro se. Discover Bank did not respond to the appeal.

{¶ 8} On appeal, Hinders asserts several assignments of error, including that she was denied meaningful discovery; that she had diminished capacity to contract; that the contract was unconscionable and a product of nondisclosure and unilateral mistake in violation of Ohio's public policy against unfair consumer practices; and that Discover failed to prove actual damages through competent, complete documentation (e.g. complete statements and key account information). In general, she complains that genuine issues of material fact remained regarding the enforceability of the contract, the accuracy of the alleged balance, and the fairness of Discover's conduct.

{¶ 9} Two of Hinders's assignments of error relate to her overall contention that the trial court erred in granting Discover Bank's motion for summary judgment due to insufficient evidence. More specifically, she contends that Discover submitted incomplete records, which prevented verification of charges and balances, so the record demonstrates that genuine issues of material fact remained with respect to the accuracy of the alleged balance. Because we agree with Hinders on this basis alone, we limit our analysis to this single assignment of error. App.R. 12(A)(1)(c).

{¶ 10} Under Civ.R. 56(C), a movant is entitled to summary judgment when that party demonstrates that there is (1) no issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to only one

4

conclusion, and that conclusion is adverse to the non-moving party. *Rhododendron Holdings, LLC v. Harris*, 2021-Ohio-147, ¶ 22 (2d Dist.). "Summary judgment is a potentially useful, but extraordinary, procedure wherein the trial of issues of fact made up by the pleadings is avoided." *AAAA Ents., Inc. v. River Place Community Urban Redevelopment Corp.*, 50 Ohio St. 3d 157, 161 (1990).

{¶ 11} Because summary judgment is "a shortcut through the normal litigation process by avoiding a trial," the burden of demonstrating that no genuine issue exists as to any material fact strictly falls upon the moving party requesting summary judgment. *Id.*; *see also Harless v. Willis Day Warehousing Co., Inc.*, 54 Ohio St.2d 64, 66 (1978). Once the moving party has satisfied its burden of showing that there is no genuine issue of material fact, the burden shifts to the nonmoving party to set forth specific facts showing a genuine issue for trial. *Dresher v. Burt*, 75 Ohio St.3d 280, 293 (1996). The nonmoving party cannot rely upon the mere allegations or denials in the pleadings but must give specific facts showing that there is a genuine issue for trial. Civ.R. 56(E); *Accord Geloff v. R.C. Hemm's Glass Shops, Inc.*, 2021-Ohio-394, ¶ 14 (2d Dist.).

{¶ 12} While the party responding to a motion for judgment may have to overcome the burden of proof at trial, the party does not have that burden when responding to a summary judgment motion and may rely on evidentiary material already submitted by the movant. *AAAA Ents.* at 161. Summary judgment "'must be awarded with caution, resolving doubts and construing evidence against the moving party, and granted only when it appears from the evidentiary material that reasonable minds can reach only an adverse conclusion as to the party opposing the motion.'" *Murphy v. City of Reynoldsburg*, 65 Ohio St. 3d 356, 358-59 (1992), quoting *Norris v. Ohio Std. Oil Co.*, 70 Ohio St.2d 1, 2 (1982).

**{¶ 13}** On summary judgment, whether a genuine issue of fact is material depends on the substantive law. *Barney v. Chi Chi's, Inc.*, 84 Ohio App. 3d 40, 43 (2d Dist. 1992). "Only dispute over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id*. An issue of fact exists when the relevant factual allegations in the pleadings, affidavits, depositions, or interrogatories are in conflict. *Link v. Leadworks Corp.*, 79 Ohio App.3d 735, 741 (8th Dist. 1992).

**{¶ 14}** We review the trial court's ruling on a summary judgment motion de novo. *Schroeder v. Henness*, 2013-Ohio-2767, ¶ 42 (2d Dist.).

**{¶ 15}** "A suit regarding a credit card balance is 'founded upon contract and thus a plaintiff must prove the necessary elements of a contract action.'" (Cleaned up.) *Discover Bank v. Swartz*, 2016-Ohio-2751, ¶ 15 (2d Dist.). "The elements of a breach of contract claim are: 1) the existence of a contract between the parties; 2) performance by the plaintiff; 3) breach by the defendant; and 4) damage or loss to the plaintiff." *Id*., citing *Doner v. Snapp,* 98 Ohio App.3d 597, 600 (2d Dist. 1994).

**{¶ 16}** Although founded in contract, an action on an account "exists only as to the balance that may be due one of the parties as a result of [a] series of transactions." *Citibank (South Dakota) N.A. v. Lesnick*, 2006-Ohio-1448, ¶ 8 (11th Dist.), citing *Am. Sec. Serv., Inc. v. Baumann*, 32 Ohio App.2d 237, 242 (10th Dist. 1972). The "'cause of action does not exist with reference to each item of the account, but only as to the balance that may be due to one or the other parties.'" *Id*., quoting *Ludwig Hommel & Co. v. Woodsfield*, 115 Ohio St. 675, 681 (1927). "The purpose of an action on an account is 'to avoid the multiplicity of suits necessary if each transaction between the parties (or item on the account) would be construed as constituting a separate cause of action.'" *Id*., quoting *Baumann* at 242.

{¶ 17} To establish a prima facie case for an action on an account, "[a]n account must show the name of the party charged and contain: (1) a beginning balance (zero, or a sum that can qualify as an account stated, or some other provable sum); (2) listed items, or an item, dated and identifiable by number or otherwise, representing charges, or debits, and credits; and (3) summarization by means of a running or developing balance, or an arrangement of beginning balance and items which permits the calculation of the amount claimed to be due." (Cleaned up.) *Id*. at ¶ 9. "[A]n action upon an account may be proved by the introduction of business records showing the existence of the account." (Bracketed text in original.) *Id*., quoting *Wolf Automotive v. Rally Auto Parts, Inc.*, 95 Ohio App.3d 130, 137 (10th Dist. 1994); *see generally Raymond Builders Supply, Inc. v. Slapnicker*, 2004-Ohio-1437, ¶ 8 (11th Dist.).

{¶ 18} Hinders generally asserts that the evidence put forth by Discover Bank was insufficient, and thus genuine issues of material fact precluding summary judgment remained. We recognize that Hinders does not dispute the existence of the account, but we find that QuarteyPapafio's affidavit was insufficient to establish an account stated, including the amount owed by Hinders.

{¶ 19} In granting summary judgment, the trial court was limited to consideration of "the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact." Civ.R. 56(C). Here, however, the monthly account statements attached to Discover Bank's motion for summary judgment did not meet these criteria.

{¶ 20} "Although Civil Rule 56 does not directly refer to evidentiary exhibits, such evidence may be considered when it is incorporated by reference into a properly framed affidavit pursuant to Civ.R. 56(E)." *Lesnick*, 2006-Ohio-1448, at ¶ 13 (11th Dist.), citing

7

*Baron v. Andolsek,* 2004-Ohio-1159, ¶ 35-36 (11th Dist.). Civil Rule 56(E) provides that an affidavit "shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated in the affidavit. Sworn or certified copies of all papers or parts of papers referred to in an affidavit shall be attached to or served with the affidavit." To properly incorporate attached evidentiary exhibits, the affidavit must state "'that the attached materials are true copies and reproductions of the original documents.'" *Lesnick* at ¶ 13, quoting *McDonald Community Fed. Credit Union v. Presco*, 1990 WL 174146, *2 (11th Dist. Nov. 9, 1990).

{¶ 21} In her affidavit, QuarteyPapafio stated that "Exhibit A is a true and accurate copy of the last periodic statement sent by DISCOVER PRODUCTS INC. to the Cardmember(s), retrieved from the record-keeping system described above, and shows the amount that is now due and owing Discover Bank on the account." However, "Exhibit A" is the cardmember agreement, not the final periodic statement. Exhibit A contains no reference to the account holder's name, the account number, the date of default, the contractual rate of interest, or the balance due; the exhibit only sets forth the terms and conditions of the account with no actual account information.

{¶ 22} Monthly account statements allegedly detailing the activity in Hinders's Discover Bank account were attached to Discover Bank's motion for summary judgment, but they were not part of Exhibit A, the only exhibit authenticated in QuarteyPapafio's affidavit. Under these circumstances, the language in QuarteyPapafio's affidavit was insufficient to authenticate the monthly account statements and establish that the documents were what they claimed to be. The records were not properly before the trial court for consideration under Civ.R. 56(C) and (E).

8

**{¶ 23}** In conclusion, QuarteyPapafio's affidavit and the unauthenticated monthly account statements attached to Discover Bank's motion for summary judgment were insufficient to establish a prima facie case for money owed on an account, and thus Discover Bank failed to meet its initial summary judgment burden. The burden never shifted to Hinders to demonstrate the existence of a genuine issue of material fact. Hinders's assignment of error related to the insufficiency of the evidence is sustained.

**{¶ 24}** For the foregoing reasons, the judgment of the trial court is reversed, and this matter is remanded to the trial court.

. . . . . . . . . . . . .

LEWIS, P.J., and TUCKER, J., concur.